## McCarty and Others *v.* Mewhinney.

A promissory note given to a *feme covert* for money belonging to her before her marriage, and remaining her separate property afterwards, cannot, under the statutes of this State, be pleaded as a set-off in a suit against her husband.

APPEAL from the *Franklin* Court of Common Pleas. Gookins, J.—*McCarty* and others brought a suit against *Mewhinney* on two promissory notes indorsed to them by *R. Tyner*, one for 95 dollars and 57 cents, and the other for 88 dollars and 39 cents, made by the defendant. The defendant answered—1. Payment. 2. Set-off of a note alleged to be payable to the defendant by *Tyner*, the assignor, due before the assignment to the plaintiffs of the notes sued on. 3. A like set-off of a note payable to *Agnes Mewhinney*, wife of the defend-

ant. 4. A set-off of moneys had and received by *Tyner* to the defendant's use, before the assignment of the notes. 5. A set-off of money paid by the defendant to one *Johnson*, to the use of said *Tyner*.

Under the second and third paragraphs of the answer, the defendant filed copies of the following instrument:

"$120. *Brookville, Sept.* 4, 1854. Due *Agnes Mewhinney*, or order, one hundred and twenty dollars, for value received, in specie. [Signed] *R. Tyner*."

The plaintiffs demurred to the second and third paragraphs of the answer, and took issue upon the fourth and fifth.

The demurrer to the second paragraph was sustained, and to the third overruled, whereupon the plaintiffs replied to the third, that said note of 120 dollars was the separate property of the defendant's wife; that it was given for money that belonged to her before marriage, which was never reduced to the defendant's possession, but was kept separate by the wife.

To this reply a demurrer was sustained.

The cause was tried by the Court. *Tyner*, the assignor, testified that before their marriage, the defendant's wife loaned him 200 dollars; after their marriage she received from him the money loaned, and after keeping it a short time, she loaned him 120 dollars, in *September*, 1854, for which this note was given. The defendant promised to procure his wife's consent to have this money applied on his indebtedness to *Tyner*, but afterwards informed him that she refused to permit it. On the 10th of *October*, 1854, *Tyner* failed, and made an assignment to the plaintiffs, whom he preferred, and indorsed the notes to them. His property was not sufficient to pay the preferred creditors. After the assignment, and after suit brought, the defendant's wife consented to the set-off.

The Court allowed the set-off, and found for the plaintiffs the residue; refused their motion for a new trial, and gave judgment accordingly.

At common law, the husband may sue alone upon

contracts made with the wife before or during marriage.
1 Chit. Pl. 20. He can assign an obligation payable to
her, without her joining in the assignment. *Evans* v.
*Secrest*, 3 Ind. R. 545. As he could have maintained an
action against *Tyner* upon the note, it follows that he
could plead it as a set-off, whether his wife was willing
or not. The question is, whether this common-law right
is changed by statute.

. The 1 R. S. p. 320, makes some material changes con-
cerning the marriage relation. On debts contracted by
the wife before marriage, it limits the husband's liability
to the value of the personal property he may have re-
ceived by her, and continues that liability after the wife's
death. If the wife has lands, judgment on such a con-
tract may be rendered against the husband and wife
jointly, to be levied of the wife's lands; also, for torts
by the wife. Suits concerning the wife's lands are to be
prosecuted by and against them jointly, if they live
together; if separate, the wife is to be treated as a *feme
sole*. It is provided that no lands of any married woman
shall be liable for the debts of her husband; but such
lands, and the rents and profits therefrom, shall be her
separate property as fully as if she were unmarried. *Id.*
p. 321, s. 5. The act of 1853, p. 57, s. 5, is as follows:

"The personal property of the wife, held by her at
the time of her marriage, or acquired during coverture
by descent, devise, or gift, shall remain her own property
to the same extent, and under the same rules, as her real
estate so remains; and on the death of the husband be-
fore the wife, such personal property shall go to the
wife, and on the death of the wife before the husband,
shall be distributed in the same manner as her real estate
descends and is apportioned under the same circum-
stances."

The object of these innovations seems to have been to
destroy the community of interest between husband and
wife, as far as possible, rendering it less identical than in
an ordinary partnership. It seems clear that, under
these statutes, the defendant was not the holder of the

Nov. Term,
1856.

note in question at the time the suit was commenced. It was, in the language of the statute, "her separate property as fully as if she were unmarried." The statute requires that the demand set off shall be held by the defendant at the time the suit is commenced, and matured at or before the time it is offered as a set-off. 2 R. S. p. 39, s, 57.

We are, therefore, of the opinion that the reply to the third paragraph of the answer was sufficient; and that on the trial the set-off should not have been allowed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for further proceedings not inconsistent with this opinion.

*G. Holland*, for the appellants.

*D. D. Jones* and *H. Berry*, for the appellee.