## Boyl's Administrator *v.* Simpson.

PRACTICE.—An account against *William Boyl* was filed and docketed as a claim against the estate of *William Boyl,* deceased; the administrator of deceased was made adversary party on the record, and as such appeared and answered to the merits.

*Held,* that if there was any defect in the complaint as to form, in not being against the estate or the administrator, it was cured by the answer.

PRACTICE.—Judgment, that the plaintiff recover the amount found by the jury "of and from the assets of the estate of *William Boyl,* deceased," is in effect an "order of allowance," under sec. 66, 2 G. & H. 503.

APPEAL from the *Clinton* Common Pleas.

ELLIOTT, J.—*Simpson* filed a claim in the clerk's office of the Court of Common Pleas against the estate of

*William Boyl,* deceased. His administrator, *Lewis Boyl,* appeared and contested the claim. It was placed on the issue docket, and the administrator answered: 1. General denial. 2. Set-off. 3. Payment.

The case was tried by a jury, who returned a general verdict for the plaintiff for $85; also a special finding of certain facts in answer to interrogatories propounded at the instance of each of the parties. Judgment on the general finding of the jury.

The only points discussed by appellant's brief are, that the account filed is fatally defective as a complaint, and that the court erred in rendering a judgment on the finding of the jury, instead of an order allowing the amount so found against the estate.

There is nothing in the first point. The account is against *William Boyl* for work and labor done by *Simpson* for the former.

From the 14th of *June,* 1859, to the 15th of *February,* 1862,
|  |  |  |
|---|---|---|
| making thirty-three months, at $13 per month.............. |  | $429 00 |
| 1861. Cr. per am't paid *Strange*...................................... | $20 00 |  |
| " " Sundries..................................................... | $200 00 |  |
|  |  | ——— 220 00 |
| Balance due........................................................ |  | $209 00 |

Which is formally verified by the affidavit of the plaintiff below. But it is insisted that to make it a valid complaint, it should have been, in form, against the *estate* or the administrator of *William Boyl,* deceased. It was filed, as the record shows, and docketed as an account against the estate. The appellant, as the administrator of the deceased, was made the adversary party on the record, and as such appeared and answered to the merits; so that, if there was a defect in the matter complained of, (and we do not think there was,) it was cured by the answer.

The judgment is that the plaintiff recover the amount found by the jury " of and from the assets of the estate of *William Boyl,* deceased." There is no error in this.

The statute provides that in case claims, filed against the estate of a decedent, are not admitted, they "shall be transferred to the issue docket of such court, and shall stand for trial at the next term thereof, as other civil actions pending therein," etc. 2 G. & H. sec. 66, p. 503. It further provides, in such cases, that "if the claim is found to be just, the court shall order it to be allowed, which order shall be entered on the proper record of such court, bear interest from that time until paid, and have the full force of a regular judgment in any court," etc. The judgment in this case is not a formal order of allowance, but is in effect the same thing. See 8 Ind. 515; also 16 Ind. 27.

The judgment is affirmed, with five per cent. damages and costs.

*N. Purden* and *James N. Simms*, for appellant.