NEEDHAM v. GILLASPY ET AL.

49  245
141  147
49  245
145  175
49  245
d156  34

JUDGMENT.—*What Necessary to Constitute a Judgment.*—Where lands were assessed with benefits for the construction of a gravel road, and the owner appealed to the circuit court, where the assessment was reduced, and certain sums were ordered to be assessed against certain tracts of land, and other tracts were ordered to be released from assessment, and the action of the court was ordered to be certified to the county auditor, with directions to correct the tax duplicate, to correspond with the assessment made by the court;

*Held,* that such orders of the court did not constitute a judgment upon which execution could be issued.

·SAME.—To constitute a valid judgment, the word "recover" should be used,

and the amount of recovery should be stated, where a money judgment is · rendered, and in other cases appropriate words should be used, having reference to the relief granted.

From the Johnson Circuit Court.

*R. M. Johnson* and *J. L. White,* for appellant

*S. P. Oyler* and *D. Howe,* for appellees.

BUSKIRK, C. J.—This was a proceeding on the part of appellant to enjoin Gillaspy, as sheriff of Johnson county, from levying upon and selling the property of appellant upon an execution issued upon what is claimed to be a judgment, in favor of the Shelbyville and Franklin Gravel Road Company, against appellant, in the Johnson Circuit Court.

The gravel road company was made a defendant, and filed an answer, to which appellant demurred. The demurrer was overruled, and, appellant refusing to plead further, final judgment was rendered for the appellees.

The error assigned is for overruling the demurrer to the answer of the gravel road company.

The case made may be briefly stated, as follows: The lands · of the appellant were assessed with benefits for the construction of said road; the appellant, under and in pursuance of the provisions of the act of May 14th, 1869, 3 Ind. Stat. 538, appealed from such assessment to the circuit court; in that court the assessment made was reduced, and the company was taxed with the costs of such appeal. It is quite plain, that under such act the court possessed the power to render a judgment against the appellant for the amount assessed, which could have been enforced by an execution, but the question which we are required to decide is, whether the judgment rendered is such as authorized the issuing of an execution thereon. The judgment rendered was as follows:

"It is ordered and adjudged by the court, that the assessment for the construction of the said gravel road, upon the lands of the said William Needham, be as follows: Upon the east half of the north-west quarter of section 16, township 12, range 5 east, eighty acres, one hundred and fifty dollars; upon

the west half of the north-east quarter of section 16, township 12, range 5 east, eighty acres, one hundred and fifty dollars; upon the north-west quarter of section 10, township 12, range 5 east, one hundred and sixty acres, one hundred and sixty dollars. And it is further ordered, that upon part of the north-east quarter of the north-east quarter of section 16, township 12, range 5 east, twenty-three acres, and upon part of the north-west quarter of section 15, township 12, range 5 east, twenty acres of the lands of the said William Needham, nothing be adjudged for the construction of said gravel road; and that the clerk of this court make out and certify to the auditor of Johnson county a true and complete transcript of this judgment, and that said auditor correct his tax duplicate, so as to make the same correspond with this assessment."

Upon the above order, the execution in question was issued. The case proceeded in the court below upon the supposition that the power of the court was limited to an ascertainment of the true amount of benefits; and when this was done, the court ordered the clerk to certify the assessment made to the auditor of the county, who was directed to correct his tax duplicate, so as to make the same correspond with the assessment made by the court. The court simply made an assessment, and required the auditor to correct his tax duplicate accordingly. There was no judgment in favor of the gravel road company against the appellant. It is not provided that the company shall recover of the appellant any sum of money. To constitute a valid judgment, the word " recover " should be used, and the amount of the recovery should be stated, where a money judgment is rendered, and in other cases, appropriate words should be used, having reference to the relief granted.

In 3 Bouvier's Institutes, par. 3298, it is said: " The language of the judgment is not, therefore, that ' it is decreed,' or ' resolved,' by the court, but ' it is considered,' (*consideratum est per curiam*) that the plaintiff recover his debt, damages, possession, and the like, or that the defendant do go quit. This implies that the judgment is not so much the decision of

the court, as the sentence of the law, pronounced and decreed by the court, after due deliberation and inquiry."

It is admitted by counsel for appellees, that the judgment is informal, but it is contended that it is not void. We are not considering matters of form. There was no attempt, on the part of the court, to render a judgment in favor of the gravel road company against the appellant; but, as we have seen, there was an assessment of benefits and a remission of the cause to the county auditor, to have the same placed upon the tax duplicate and collected by the county treasurer as other assessments are collected. The order of the court cannot be enforced by execution. The clerk had no power to issue an execution. The sheriff had no right to levy upon the property of the appellant.

The court erred in overruling the demurrer to the answer.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to sustain the demurrer to the answer, and for further proceedings, in accordance with this opinion.