Filed Oct. 15, 1884.

---

No. 11,677.

MADDOX, ADMINISTRATOR, *v.* MADDOX ET AL.

DECEDENTS' ESTATES.—*Claims Against.*—*Promissory Notes not Due.*—Under the 86th, 97th and 101st sections of the decedents' act of 1881, as amended by the act of March 7th, 1883, pp. 153, 155 and 156, promissory notes executed by the decedent, whether due or not, may be filed as claims against his estate.

SAME.—*Judgment.*—The judgment in such a case is a mere allowance of the claim to be paid in due course of administration. Acts 1883, p. 157, section 14, amending section 2328, R. S. 1881.

SAME.—*Form of Judgment.*—Where judgment was rendered against the estate, when it should have been against the administrator, under section 101, as amended, but no objection was taken to the form, or no motion made to correct it, the error will not be noticed on appeal.

ASSIGNMENT OF ERROR.—*Waiver.*—An assignment of error is waived by the failure of appellant's counsel to discuss the question.

From the Blackford Circuit Court.

*W. H. Carroll* and *E. Pierce,* for appellant.

BICKNELL, C. C.—This was a claim by an administrator against the estate of his decedent under sections 86, 97 and 101 of the decedents' act of 1881, as amended by the act of March 7th, 1883, Acts 1883, pp. 153, 155 and 156.

The claim consisted of two promissory notes made by the decedent, one of them payable to the administrator, the other payable to Sophia M. Maddox. Under the statutes aforesaid, such claims may be filed whether they are due or not, and these notes were not yet payable.

The court under section 97, *supra*, as amended, appointed an attorney to represent the estate, who answered by a general denial. There was a trial by the court with a finding for the claimant for $690.39.

Section 101, *supra*, as amended, provides that, on a finding for the claimant, the court shall render judgment against the executor or administrator for the amount thereof and for costs in the proper cases, to be paid out of the assets of the estate to be administered.

The judgment in this case was rendered not against the administrator, but against the estate, for the amount of the finding and for costs, but there was no objection to the form of the judgment, and no motion was made to correct it.

The defendant moved for a new trial; this motion was overruled; the defendant appealed from the judgment.

The errors assigned are:

1. The complaint does not state facts sufficient to constitute a cause of action against the defendant in favor of the appellees jointly. This specification is waived by the failure of the appellant's counsel to discuss it in his brief.

2. The court erred in overruling the motion for a new trial. The following are the reasons alleged for a new trial:

1. The finding is not sustained by sufficient evidence.

2. The finding is contrary to law.

3. The damages are excessive.

4. The court erred in the assessment of the amount of the recovery.

The judgment in a case like this is a mere allowance of the claim, to be paid in due course of administration. Acts 1883, p. 157, sec. 14, amending section 2328, R. S. 1881.

The execution of the notes sued on was admitted on the trial, but the defendant insisted that they had been altered after execution. There was evidence, however, tending to show that the alterations were made by the decedent, on the same day the notes were executed and about the time they were signed.

The finding was sustained by the evidence; the damages were not excessive; there was no error in the assessment of the amount of recovery, and the finding was not contrary to law. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

