No. 14,087.

BENTLEY, ADMINISTRATOR, v. BROWN.

DECEDENTS' ESTATES.—*Administrator.*—*Judgment in Favor of.*—*Parol Evidence.*—In a suit to set aside a judgment rendered in favor of an administrator against the estate he represented, parol evidence is not admissible to contradict the record and establish the fact that the estate was not indebted to the administrator at the time of the rendition of the judgment.

SAME.—*Judgment in Favor of Administrator.*—*Validity of.*—Where an administrator files a claim, in his own favor, against the estate he represents, and the record shows that the court appointed an attorney to rep-

Bentley, Administrator, *v.* Brown.

resent the interests of the estate, and after investigation of the merits of the claim the attorney reported to the court an amount agreed upon to be allowed in settlement, and the court approved of such adjustment and allowed the claims to the amount agreed upon, the adjustment and allowance by the court bind the representatives of the estate, and are an adjudication as to the validity and amount in favor of such administrator, and is equally binding upon such administrator, and subsequent administrators of such estate, as would be the allowance of a claim in favor of a third party.

From the Hancock Circuit Court.

*E. Marsh, W. W. Cook* and *S. A. Wray,* for appellant.

*C. G. Offutt,* for appellee.

OLDS, J.—This is an action brought by the appellant, Thomas E. Bentley, administrator of the estate of Selah Brown, deceased, to set aside a judgment for the allowance of a claim in favor of the appellee, rendered when the appellee was administrator of said estate.

The complaint alleges that Selah Brown departed this life, intestate, at the county of Hancock, in the year 1885, leaving surviving her, as her sole and only children, grandchildren, and heirs, Henry Brown, Eli Brown, John Brown, Rebecca Jessup, Mary Ruce, James Brown, Jacob E. Brown, Sarah Brown, Martha Brown, and the defendant, Oliver Brown; that after the death of said Selah Brown the appellee, Oliver Brown, was appointed and qualified as administrator of the said decedent's estate, and entered upon the duties of said trust; that afterwards, on the 26th day of January, 1886, said Oliver Brown, the appellee, filed in the office of the clerk of said court his certain claim against said estate for the sum of $2,100 for board, care, and attention rendered and furnished said decedent in her lifetime, and for money loaned her; that afterwards such further proceedings were had on said claim as that the same was duly transferred to the issue docket of said court, and stood for trial on the docket of said court; that thereupon said appellee, Oliver Brown, being the administrator of said estate as aforesaid,

one William H. Martin, an attorney of said court, was duly appointed by said court to answer said claim and defend said estate against the same ; that said Martin thereupon filed his answer in said cause, alleging, among other things, by way of set-off, certain indebtedness from said defendant to said estate for two hundred dollars borrowed money due from said appellee, and for the value of timber which belonged to said decedent, which said appellee sold for three hundred dollars, appropriating the money, and failing and refusing to account for the same, and other personal property belonging to said decedent, taken and converted by appellee ; that after the issues in said cause were joined it was proposed by said appellee and one Elkanah Ruce, husband of said Mary Ruce, and Jacob Jessup, husband of said Rebecca Jessup, who then and there claimed to represent their wives, that said claims of said appellee be compromised, and thereupon, by leave of court and request of said parties, said Martin, the attorney appointed as aforesaid, withdrew from said cause for the purpose of allowing said compromise to be made, and that after such withdrawal the said estate was not further represented in said cause, or in the said compromise of said claim ; that said children and heirs of said decedent, to wit :   Henry Brown, Eli Brown, Sarah Brown, Jacob E. Brown, and Martha Brown, were not present in said court when said claim was compromised, and had no knowledge of, and were not represented in the compromise of said claim, and had not been in any manner notified of the filing of said claim, or the compromise of said suit, and that said Henry Brown was and still is a non-resident of the State of Indiana, and was not at any time prior to the rendition of said judgment within the jurisdiction of this court ; that at the time of the withdrawal of said attorney from said cause it was expressly stated by him, and in the presence and hearing of said appellee, that said attorney had no authority to compromise said claim for or on behalf of said heirs, or either of them, and that he could not, and would not, answer

for them or bind them by any settlement that might be made; that thereupon said Elkanah Ruce and Jacob Jessup made a pretended compromise of said claim, wherein it was agreed that said defendant, the appellee, should recover a judgment against said estate for five hundred dollars on his claim, and said appellee should be liable to said estate for the value of the timber and personal property pleaded as an offset; that in pursuance of said pretended agreement and compromise the appellee, without the knowledge or consent of the heirs above named, surreptitiously caused a judgment to be entered in his favor, and against said estate for said sum of five hundred dollars in full satisfaction, and compromise of all matters, issues, and liabilities involved in said cause, and of all matters between appellee and said estate, and that said judgment is now in full force and effect, and said appellee is seeking to enforce the same against said estate; that said appellee is still indebted to said estate on said matters of set-off as aforesaid, in the sum of five hundred dollars, but the estate is precluded from collecting the same because of said judgment; that said appellee's claim is wholly without foundation, and unjust, and that said estate was not indebted to him in any sum at the time of said compromise and judgment, and no rights of innocent parties have intervened since the rendition of said judgment. Prayer that said judgment be declared void, and set aside.

The appellee demurred to the complaint for want of facts, which was overruled, and exceptions reserved by appellee.

Issue was joined on the complaint by answer in denial, and there was a trial, resulting in favor of appellee, and appellant filed a motion for a new trial, which was overruled, and exceptions taken.

The appellant assigns as error the overruling of the motion for a new trial, and the appellee assigns as cross-error the overruling of his demurrer to the complaint.

Upon the trial of the cause the appellant introduced and read in evidence the order-book entries and record of the

judgment in favor of the appellee against said estate described in the complaint. The record showed the filing of the claim in favor of the appellee, who at the time was the administrator of the estate of said Selah Brown. The appointment of William H. Martin by the court to represent the interest of the estate in said cause, an appearance by Martin and an answer by him, and a reply to the answer.

After the issues were joined the record shows an appearance of the appellee herein, the plaintiff in the cause, and that Martin appeared for the estate, and by agreement of the parties the claim was allowed for $500, and an order and judgment of allowance entered for that amount. The record is complete upon the face of it, and does not show that Martin ever withdrew his appearance for the estate, but, on the contrary, shows his appearance and agreement for the allowance of $500 by the court.

After the introduction of this record in evidence the appellant sought to introduce evidence to establish the fact that the estate was not indebted to the appellee, offering in evidence a letter written prior to the rendition of the judgment for that purpose; he also offered to prove by William H. Martin, the attorney appointed to defend and represent the estate in the original case for the allowance of the claim, that he withdrew from the case, and stated he had no authority from any of the parties or heirs to compromise. This proof was properly and formally offered and objected to, and excluded, and exceptions were reserved, so that the question is presented as to its competency.

Other evidence was introduced and excluded, but the ruling of the court in excluding it presents the same question as that above stated, so we need not set out the various other items of evidence offered and excluded.

The record of the judgment introduced in evidence contradicts the allegation of the complaint. The complaint shows that Martin, who was appointed by the court to represent the interest of the estate, by leave of court withdrew

Bentley, Administrator, v. Brown.

his appearance, and the effect of the averments is that after he withdrew his appearance the appellee procured the claim to be allowed, and obtained the order for the payment of the same without any person appearing or acting in the cause for the estate; but the record shows the legal appointment of Martin, an attorney, to represent the estate, and that he acted for the estate in all that transpired in said cause; that he filed an answer in several paragraphs, and afterwards appeared and agreed to the allowance of the claim for $500, and that the court approved the compromise and made an allowance for that amount. Now it is sought to impeach and contradict that record by parol proof, and set aside the record, and this is sought to be done by a party to the record and judgment.

The administrator of the estate of Selah Brown, appointed by the Hancock Circuit Court, and representing her estate, brings this action to set aside the judgment. Martin, an attorney, who was appointed by the same court to represent said estate, appeared in said cause and represented said estate in the rendition of the judgment of allowance.

The statute provides for the filing of claims due executors and administrators against estates as other claims are filed, and by section 389, Elliott's Supp., it is provided that "Whenever a claim in favor of an executor or administrator against the estate he represents, which accrued before the death of such decedent, shall be filed against said estate, with the affidavit of the claimant attached, thirty days before the commencement of the term of said court during which the claim is to be presented for allowance, the judge of said court shall represent said estate, and shall examine into the nature of said claim, and if the same be by said court deemed just and right, said court shall allow said claim and order the same paid out of said estate, as other claims of the same class, and said court may, in its discretion, examine under oath such executor or administrator, or any other person, touching said claim, and if such

court shall be of the opinion that the interests of said estate will be promoted by active opposition to such claim, it shall be the duty of such court to appoint a practising attorney of said court to represent said estate, and the same pleadings, issues and trial may be had as in other claims," etc.

Section 388, Elliott's Supp., provides that " The allowance of a claim, as provided for in this act, shall, as between the claimant and the executor or administrator, be operative, and as an adjudication of the validity and amount of the claim."

It is evident that it was intended by this act that the allowance of a claim, according to the provisions of the act, should put an end to all litigation as to the validity and amount of the claim so far as the administrator of the estate was concerned, and it provides equally as stringent a process for the allowance of claims in favor of an administrator as claims in favor of third parties, and that the same rules shall apply to one as to the other.   When claims in favor of an executor or administrator are filed, it makes the court the representative of the estate and gives it power to investigate and examine witnesses if it deems proper to do so, also the power to appoint an attorney of the court to make an active defence to the claim.   In this case the record shows that the court exercised the power vested in it, and appointed an attorney to represent the interests of the estate, and after an investigation by the attorney appointed, and the joining of issues, the claimant appeared by his attorneys, and the attorney appointed by the court appeared for the estate and reported to the court an amount agreed upon to be allowed in settlement, and the court approved of such adjustment and allowed the claim to the amount agreed upon.   This adjustment and allowance by the court bind the representative of the estate, and are an adjudication as to the validity and amount of the claim in favor of such administrator, and is equally as binding upon such administrator and subsequent administrators of such estate as would

be the allowance of a claim in favor of a third party. Although the form of the order differs from an ordinary judgment on which execution may issue, yet it is in all essentials an adjudication as to the validity and amount of the claim, and is to that extent a judgment and binding upon the estate and the representatives of the estate, the executor and administrator. *Maddox* v. *Maddox,* 97 Ind. 537; *Boyl* v. *Simpson,* 23 Ind. 393.

Parol evidence was not proper to contradict or change the record, and the court properly excluded the evidence offered by the appellant. *Smith* v. *Hess,* 91 Ind. 424; *Reid* v. *Mitchell,* 93 Ind. 469.

What was sought to be done in this case was to attack the judgment and contradict the record by parol evidence and set it aside and retry the matters litigated and settled by the former adjudication.

The complaint is not good for the purpose of setting aside such a judgment as the one introduced in evidence for fraud. If sufficient to withstand a demurrer, it is because it alleges the withdrawal of the appearance by Martin, and the taking of a judgment without any person representing the estate, and practicing a fraud upon the court. It alleges that Martin had knowledge of the proposed compromise and its terms, and that by leave of court he withdrew his appearance, and the record introduced contradicts the allegations as to his withdrawal, and affirmatively shows that he appeared and agreed to the compromise, and the court approved it and rendered a judgment of allowance.

As the judgment must be affirmed, it is unnecessary to consider the question as to the validity of the complaint presented by the cross-error assigned.

Judgment affirmed, with costs.

Filed May 13, 1890.