No. 528.

## THE CITY OF LA PORTE *v.* ORGAN, ADMINISTRATOR.

DEMURRER.—*Judgment Upon.*—*Res Adjudicata.*—An adjudication upon a demurrer is as binding upon the parties and operates as *res adjudicata* the same as in the case of a judgment rendered upon issues joined and tried by the court or jury. The expression, " the court renders judgment for the defendant," employed by the court in rendering judgment upon the demurrer, was sufficient.

DECEDENTS' ESTATES.—*Claim Against.*—*Allowance or Rejection of.*—*Binding Force of.*—The allowance or rejection of a claim against an estate, though not a judgment in the strict sense of the term, yet operates as an adjudication between the claimant and administrator or executor of the controversy between them, and is binding upon the estate and its representatives, as well as upon the claimant.

PRACTICE. — *Former Adjudication.* — *Statute of Limitations.* — *Demurrer.*— *Harmless Error.*—Where a plea of former adjudication is held to be good, a ruling upon a demurrer to the answer of the statute of limitation, even if erroneous, is not available error. If the same controversy has been once adjudicated between the parties, it is utterly immaterial whether the subject-matter giving rise thereto is barred by the statute or not.

From the La Porte Circuit Court.

*W. B. Biddle* and *C. B. Andrew*, for appellant.

*J. H. Bradley*, for appellee.

REINHARD, C. J.—The appellee's decedent was treasurer of the city of La Porte, and the claim filed by the appellant against the estate of said decedent is for an alleged shortage in his account as such treasurer. The complaint or statement of claim was in one paragraph. To this the appellee filed an answer in three paragraphs, viz.:

*First.* Former adjudication.

*Second.* Statute of limitations.

*Third.* The general denial.

Demurrers were filed and overruled to the first and second paragraphs of the answer. The appellant filed a reply in two paragraphs, being, first, the general denial, and, second, mat-

ter in avoidance of the answer of the statute of limitations. To the second paragraph of reply a demurrer was sustained. The cause was tried by the court on the issues made by the complaint, first paragraph of answer and the reply thereto, the finding being for the appellee.

We are to determine, first, the question made by the answer of former adjudication. This paragraph avers that at a previous term of the court the appellant filed its claim against said estate for the same matter set out in the present complaint upon which certain proceedings were had resulting in the filing of an amended complaint which is set out in the answer. To this amended complaint, it is averred, a demurrer was sustained, and, the appellant refusing to plead further, judgment was rendered on the demurrer in favor of the appellee. It is claimed on behalf of appellee that this was an adjudication upon the merits of the same subject-matter contained in the complaint of the present case. On the other hand, it is contended that the sustaining of the demurrer to the amended complaint in the former case is not an adjudication upon the merits.

This exact question was decided by the Supreme Court in the late case of *Nickless* v. *Pearson*, 126 Ind. 477. It was there held that " an adjudication upon a demurrer is as conclusive and binding upon the parties, and operates as *res adjudicata*, the same as a judgment rendered upon issues joined and trial by the court or jury."

This settles the question against the appellant unless there is some element in the case at bar which takes it out of the rule laid down in the above citation. It is claimed for the appellant that the judgment on the demurrer set out in the evidence is defective in form and amounts to no judgment at all.

The form of the judgment in the former action, as disclosed by the record, is as follows:

" Now come the parties by counsel, and the court sustains

the demurrer to the amended third paragraph of the claimants' cause of action." And again:

"Now come the parties by counsel, and the claimant excepts to the sustaining of the demurrer to the third amended paragraph of the cause of action, and, the claimant failing to amend, the court renders judgment for the defendant. It is therefore ordered, adjudged and decreed by the court that the defendant do recover of and from the claimant his costs and charges herein expended."

We think the expression "the court renders judgment for the defendant" is sufficient. Ordinarily, it is true where a money judgment is rendered the word "recover" is the most appropriate, and should be used. *Needham* v. *Gillaspy*, 49 Ind. 245. But there is no reason why equivalent words may not be employed, and we are not apprised of any holding to that effect. Such expressions as "I give judgment," etc., may be informal, but they can not be said to be void of substance. See 1 Freeman Judgments, section 51.

The object of this action and the one relied upon as a former adjudication was simply to obtain an allowance against the estate of a deceased person, and not a judgment against a living one. The allowance or rejection of such a claim, though not a judgment in the strict sense of the term, yet operates as an adjudication between the claimant and administrator or executor of the controversy between them, and is binding upon the estate and its representatives, as well as upon the claimant. *Boyl* v. *Simpson*, 23 Ind. 393; *Maddox* v. *Maddox*, 97 Ind. 537; *Bentley* v. *Brown*, 123 Ind. 552.

We are of the opinion that it is sufficiently shown by the record of the former judgment that the controversy was between the same parties, concerning the same subject-matter, and that the sustaining of the demurrer constituted a complete adjudication thereof, so that it may be pleaded as a defence to the action at bar. The court committed no error in overruling the demurrer to the answer of former adjudica-

tion, and as in our view of the case the evidence fully supports this answer the motion for a new trial was properly overruled.

The appellant also presents for our consideration the ruling of the court upon the demurrer to the answer of the statute of limitations. If, however, the case was properly tried and determined on the issue of former adjudication, we do not see how the appellant could have been harmed by an erroneous ruling upon the answer pleading the statute of limitation. If the same controversy has been once adjudicated between the parties, it is utterly immaterial whether the subject-matter giving rise thereto is now barred by the statute or not.

There is no available error.

Judgment affirmed.

Filed Nov. 17, 1892.