Hord, Tr., *v.* Bradbury.

---

### HORD, TRUSTEE, *v.* BRADBURY.

[No. 18,867. Filed January 3, 1901.]

TRUSTS.—*Claim of Trustee.—Collateral Attack.*—Where, during the continuance of a trust, issue is taken on a current report or claim of a trustee, the adjudication is conclusive, not only in collateral actions, but in subsequent proceedings in the trust itself. *p. 32.*

SAME.—*Ex Parte Orders.—Collateral Attack.—Ex parte* orders made during the continuance of a trust are not subject to collateral attack. *p. 33.*

SAME.—*Beneficiaries of Trust.—When in Court.*—Beneficiaries of an express trust are in court whenever the trustee is in court. *p. 33.*

SAME.—*Resignation of Trustee.—Claim for Services.*—It is proper for a trustee of an express trust who resigns, to include with his resignation his claim for services as such trustee. *p. 33.*

PLEADING.—*Form.—Judgment.—Decree.*—Under the code of this State, distinctions in form being abolished, judgments at law and decrees in equity are all "judgments." *pp. 33, 34.*

PRACTICE.—*Judgment.—Enforcement by Execution.*—A judgment requiring the payment of money is properly enforced by execution. *p. 34.*

From the Marion Superior Court.  *Reversed.*

*F. T. Hord, Lafayette Perkins* and *H. B. Hord,* for appellant.

*W. T. Brown,* for appellee.

BAKER, J.—Appellee brought this suit to enjoin the appellant from enforcing an execution on the judgment of the Marion Superior Court rendered November 2, 1895, which is described in the fourth paragraph of answer in *Hord, Tr.,* v. *Bradbury, ante,* 20. The complaint is in three paragraphs. By the first it is claimed that the "alleged" judgment is not a judgment upon which an execution can lawfully be issued; by the second, that the judgment was paid before the execution was issued; and by the third, that the judgment was paid by appellee's allowance of a credit of $3,390.01 (which was the amount of the judgment without costs) in appellee's complaint in *Hord, Tr.,* v. *Bradbury, supra.* In the present suit the court stated as conclusions of law upon the special finding of facts: (1) That the "alleged" judgment of November 2, 1895, described in the complaint, is not a judgment upon which an execution can lawfully be issued; (2) that the "alleged" judgment was paid by appellee's allowance of a credit of $3,390.01 in his complaint in *Hord, Tr.,* v. *Bradbury, supra;* (3) that appellant be perpetually enjoined from attempting to enforce the execution described in the complaint.

(1) The first conclusion of law is based upon the character and form of the "alleged" judgment of November 2, 1895. The entry reads: "In the Matter of D. M. Bradbury, Trustee, No. 47,063. This matter coming on, on the exceptions of Francis T. Hord, trustee, and D. M. Bradbury, trustee, to the report of the master commissioner, and the court being fully advised, finds that the exception numbered three of Francis T. Hord, trustee, to the report should be sustained; that exceptions numbered first, second, fourth, fifth, sixth and seventh should be overruled; that of the exceptions of D. M. Bradbury, trustee, to the report of the

master commissioner herein, the first exception should be overruled and the second and third should be sustained; that the fourth exception, so far as relates to the $66.67 recovered by Steinbower, be sustained, and should be overruled as to the other matters contained therein; that the said D. M. Bradbury, trustee, is entitled to receive for his services from May 10, 1887, to the end of his service as trustee the sum of $4,561; that there is due from him as such trustee the sum of $4,982.13, less $2,000 already paid to said Francis T. Hord, trustee; that said D. M. Bradbury, trustee, should be charged six per cent. interest on said $4,982.13 to the time he paid said $2,000 to Francis T. Hord, trustee, from May 1, 1894, and six per cent. interest on the remainder to date; that said D. M. Bradbury, trustee, should be charged with costs of the proceeding of the investigation of said D. M. Bradbury's final report. To all of which said Bradbury, trustee, excepts. Wherefore, it is adjudged and decreed by the court that said D. M. Bradbury, trustee, pay to Francis T. Hord, trustee, the sum of $2,982.13, with six per cent. interest on the same, as above specified. And that he pay all costs herein, taxed at ——— dollars ——— cents, to which D. M. Bradbury, trustee, excepts."

It is first insisted that this was not a final adjudication because it was not a final settlement of the trust and because it originated in an *ex parte* application by appellee. Reliance is placed upon the assertion that a court's approvals of partial settlements or accounts current of administrators and guardians are not final adjudications. *Parsons, Adm., v. Milford, Adm.,* 67 Ind. 489; *Lang* v. *State,* 67 Ind. 577. So they are not, if nothing is litigated. But if, during the continuance of the trust, issue be taken on a current report or a claim of an administrator or guardian, the adjudication is conclusive not only in collateral actions but in subsequent proceedings in the trust itself. *Bentley,*

*Adm.*, v. *Brown*, 123 Ind. 552; *City of LaPorte* v. *Organ*, 5 Ind. App. 369; *Swift, Adm.*, v. *Harley*, 20 Ind. App. 614. And even *ex parte* orders are not subject to collateral attack. *State, ex rel.*, v. *Wheeler*, 127 Ind. 451. Appellee filed his resignation and his claim for services as an entirety under §3401 Burns 1894, §2679 R. S. 1881 and Horner 1897, which provides that "upon petition of any trustee of an express trust, a court having jurisdiction may accept his resignation and discharge him from the trust, upon such terms as the rights of the persons interested in the trust may require." Beneficiaries of an express trust are in court whenever the trustee is in court. §252 Burns 1894, §252 R. S. 1881 and Horner 1897; *Waddle* v. *Harbeck*, 33 Ind. 231. As the trust concerned real estate in Marion county, the Marion Superior Court was "a court having jurisdiction". Upon appellee's resignation, a successor was appointed who filed exceptions to appellee's report, which was final so far as appellee was concerned. The question of compensation was properly included in the report. *Premier Steel Co.* v. *Yandes*, 139 Ind. 307, 317. The matters involved in the report and exceptions were actually litigated, and the adjudication was final.

It is further urged that the form of the "alleged" judgment is such that it can not be enforced by execution. Appellee contends that the necessary form of a judgment is this: It is considered that the plaintiff have and recover of the defendant a certain sum of money. In the present case the form is this: It is adjudged and decreed that the defendant pay to the plaintiff a certain sum of money. An accounting in a trust is a proceeding in equity. The form employed is a proper form of a decree in equity for the payment of money. 3 Barbour's Ch. Pr. (2nd ed.) 453, form 167; Field's Fed. Courts 696, form 101. By the code of this State, distinctions in form are abolished. Judgments at law and decrees in equity are all "judgments"

under the code. Section 588 Burns 1894, §579 R. S. 1881 and Horner 1897, declares: "The judgment must be entered on the order-book and specify clearly the relief granted or other determination of the action." Section 691 Burns 1894, §679 R. S. 1881 and Horner 1897, provides: "When a judgment requires the payment of money or delivery of real or personal property, the same may be enforced in those respects by execution as provided in this act. Where it requires the performance of any other act, a certified copy of the judgment may be served upon the party against whom it is given, or upon the person or officer who is required thereby, or by law, to obey the same, and his obedience thereto enforced; if he refuse, he may be punished by the court as for contempt." As the judgment in this case required the payment of money, an execution was the proper writ. 5 Ency. Pl. & Pr. 1068. *United Lines Tel. Co.* v. *Stevens,* 67 Md. 156. In *Needham* v. *Gillaspy,* 49 Ind. 245, relied upon by appellee, there was no order for the payment of money by the defendant to the plaintiff.

(2) The second conclusion of law is based upon findings, and the findings upon evidence, of the record of the proceedings and judgment of November 2, 1895, and the attempted modification of November 30, 1895, set out in the opinion in *Hord, Tr.,* v. *Bradbury, ante,* 24; of the record of the proceedings and judgment in *Hord, Tr.,* v. *Bradbury, supra;* and of the fact that appellee intended by the credit of $3,390.01 in his complaint in *Hord, Tr.,* v. *Bradbury, supra,* to cancel the principal of the judgment of November 2, 1895. The court erred in giving the entry of November 30, 1895, the effect of exempting the items that formed the basis of appellee's second claim for compensation from the operation of the judgment of November 2, 1895, as a former adjudication. *Hord, Tr.,* v. *Bradbury, supra.*

(3)   The third conclusion of law necessarily resulted from the first and second.   It falls with them.

Judgment reversed, with instructions to state as a conclusion of law that appellee is entitled to take nothing by his suit, and to enter judgment accordingly.

Monks and Hadley, JJ., did not participate in this decision.