## TRIMBLE *v.* TRIMBLE ET AL.

[No. 6,969. Filed February 17, 1911.]

1. TRIAL.—*Special Findings.—Want of Request for.—Appeal.*—A special finding will be treated on appeal as a general finding, where there was no request therefor. p. 182.
2. JUDGMENT.—*Jurisdiction.—Support.*—In an action for support, where the defendant was served with summons and he appeared and answered, the court has jurisdiction of the person and of the subject-matter. p. 183.
3. DIVORCE.—*Alimony.—Measure of.*—The amount of alimony to be given is largely discretionary, but consideration should be given to the husband's financial condition and to his income. p. 183.
4. HUSBAND AND WIFE.—*Children.—Support.—Actions for.—Character of Judgment.*—Under §7871 Burns 1908, §5134 R. S. 1881, providing that "the court may make such orders and allowances, in the nature of alimony, out of the husband's estate, as may seem just and equitable and for the best interests of such wife and children," a personal judgment for the support of a wife and child may be given for a gross amount. p. 183.

From Fulton Circuit Court; *Harry Bernetha,* Judge.

Action by Nora M. Trimble against John J. Trimble and another. From a judgment against defendant Trimble, he appeals. *Affirmed.*

*E. C. Martindale,* for appellant.

*P. W. Bartholomew* and *Jackson & Sample,* for appellee Nora M. Trimble.

MYERS, C. J.—Appellee Trimble brought this action against appellant, her husband, and J. Howard Reed, alleg-

ing that her said husband had abandoned her, and failed to provide for her and their infant child, and praying an order of the court compelling appellant to contribute to the support of herself and child.

The complaint is based upon §7870 Burns 1908, §5133 R. S. 1881. Appellant answered the complaint by a general denial. The issues thus formed were tried by the court, and resulted in a finding and judgment against defendant Trimble, and in favor of plaintiff for $600, and a finding in favor of defendant J. Howard Reed, and against plaintiff.

Appellant's motion for a new trial was overruled, and this ruling is assigned as error. In support of the motion for a new trial it is insisted that the decision of the 1. court was contrary to law. The finding of the court amounts to a general finding in favor of appellee Trimble. *Kelley* v. *Bell* (1909), 172 Ind. 590; *Terre Haute, etc., R. Co.* v. *State, ex rel.* (1902), 159 Ind. 438, 480.

The question presented involves the authority of the court to make the order against defendant John Trimble to pay plaintiff, in the nature of alimony, $600 for the support of herself and child, and to render judgment against said defendant for said amount. §7871 Burns 1908, §5134 R. S. 1881, provides that "whenever the process has been served or publication made, as in civil cases, the court shall hear and determine said cause; and if the facts stated in the complaint are found to be true, the court may make such orders and allowances, in the nature of alimony, out of the husband's estate, as may seem just and equitable and for the best interests of such wife and children; and the court may also order the real or personal property of such husband, or both, or any part thereof, to be sold to the highest bidder for cash or on time, upon such terms and in such manner * * * as the court may direct."

Section 1083 Burns 1908, §1045 R. S. 1881, provides: "The court shall make such decree for alimony, in all cases contemplated by this act [an act regulating the granting of

divorces, etc.], as the circumstances of the case shall render just and proper; and such decree for alimony, heretofore made or hereafter made, shall be valid against the husband, whether asked for in the petition or given by the judge on default.'' Under this section of the statute a personal judgment for alimony would not be questioned where defendant is personally summoned or the court has jurisdiction of his person. In the case before us defendant was personally served with process, appeared to the action, and answered the complaint. There is no question that the trial court had jurisdiction of the person and subject-matter of the action.

It has been held that the amount of alimony to be allowed is largely within the discretion of the court, due consideration being given to the financial condition of the husband and his income. *Yost* v. *Yost* (1895), 141 Ind. 584; *Stutsman* v. *Stutsman* (1903), 30 Ind. App. 645; *Hedrick* v. *Hedrick* (1891), 128 Ind. 522; *Gussman* v. *Gussman* (1895), 140 Ind. 433.

Considering the alimony statute (§1083, *supra*), in connection with §7871, *supra*, directing what the court shall do upon the hearing of a cause like the one here presented, in case the facts stated in the complaint are found to be true, it follows that the decision of the court was not contrary to law, but expressly authorized by law. We are referred to the case of *Stanbrough* v. *Stanbrough* (1878), 60 Ind. 275. That case was grounded upon the act approved March 7, 1857 (Acts 1857 p. 94), the purpose of which was to authorize the sale of property for the relief and support of married women when deserted by their husbands and of children when deserted by their parents.

The act under which plaintiff here proceeded is entitled ''An act concerning husband and wife,'' and the sections of that act applicable to the case under consideration are entirely different from the one under consideration in the case of *Stanbrough* v. *Stanbrough, supra,* and that case is

therefore not in point. We therefore conclude that the reasons given for reversing the judgment in this case are insufficient.

Judgment affirmed.