LEIB ET AL. v. HENDERSON.

[No. 10,322.   Filed April 9, 1920.]

1. HUSBAND AND WIFE. — *Support.* — *Action Under Statute.*— *Judgments.*—The final action of the court in an action for support under §7869 *et seq.* Burns 1914, §5132 *et seq.* R. S. 1881, awarding a lump sum to the wife as alimony and ordering a weekly payment to her for the children, as against the husband, and ordering certain other defendants to pay the wife money owing to the husband, was a judgment as distinguished from an order or rule.   p. 183.

2. HUSBAND AND WIFE.—*Actions for Support.*—*Personal Judgments.*—*Garnishment.*—In actions brought under §7869 *et seq.* Burns 1914, §5132 *et seq.* R. S. 1881, when the court has jurisdiction of their persons it has power to render personal judgments against the husband and other defendants, as the facts might warrant, the proceeding in such a case being, as to debtors of the husband made defendant, in the nature of garnishment.   p. 183.

3. JUDGMENT.—*Form.*—*Words Used.*—The words used may be sufficient to constitute a valid judgment though the form thereof be not commendable.   p. 183.

4. JUDGMENT.—*Immature Claim.*—*Collateral Attack.*—*Bills and Notes.*—Where the court had jurisdiction of the person, a judgment based on a promissory note, rendered before the maturity thereof, was not void nor subject to collateral attack.   p. 183.

From Madison Circuit Court; *Luther F. Pence,* Judge.

Action by Charles C. Leib and others, against June Dean Henderson.   From a judgment for defendant, the plaintiffs appeal.   *Affirmed.*

*Francis A. Walker,* for appellant.
*Bartley H. Campbell,* for appellee.

Statement by Dausman, J.—Appellants instituted this action to quiet title to real estate.   It is averred in the complaint that appellee had previously instituted an action against her husband, Charles Edgar Henderson, to obtain support for herself and their two infant children, under the provisions of §7869 *et seq.* Burns 1914, §5132 *et seq.* R. S. 1881.   In her action the Elwood

State Bank and one Charles A. Henderson were made defendants with her husband for the reason that they were indebted to him. On January 16, 1915, the court found that Charles A. Henderson was indebted to her husband in the sum of $1,200 on a promissory note which would mature in July, 1916; and that the bank was indebted to her husband in the sum of $73.25. Thereupon the following judgment was rendered:

"It is therefore considered, ordered and adjudged by the Court that the plaintiff recover of the defendant Charles Edgar Henderson the sum of $673.25 as alimony, and that the said defendant be and he is ordered to pay her the further sum of $5.00 on the first day of February, 1915, and the sum of $5.00 on Monday of each week thereafter during the minority of said children.

"It is further ordered and adjudged that the defendant The Elwood State Bank of Elwood, Indiana, pay to the plaintiff at once the sum of $73.25 on deposit in the name of Charles E. Henderson, which shall be credited upon the above judgment for alimony; and that the defendant Charles A. Henderson pay to the plaintiff the sum of $600.00 of the money by him owing to the defendant Charles Edgar Henderson, which shall also be credited on the above and foregoing judgment for alimony.

"It is further considered and adjudged by the Court that the plaintiff recover of the defendant Charles Edgar Henderson her costs herein laid out and expended taxed at $———, all of which is considered, ordered and adjudged by the Court."

At the time the judgment was rendered Charles A. Henderson owned an interest in the real estate described in the complaint, which he subsequently conveyed to appellants by warranty deed. Appellee claims that her judgment against Charles A. Henderson is a

lien on the real estate. There is no suggestion that her judgment has been paid. But appellants contend that it is not a lien on the real estate for the reasons: (1) That the court had no power to render a personal judgment against Charles A. Henderson; (2) that since the note did not mature until July, 1916, the judgment was premature and was ineffective until the maturity of the note; and, (3) that the so-called judgment is in fact not a judgment but merely an order which could be enforced only by proceedings for contempt.

DAUSMAN, J., delivered the opinion of the court:

1. The final action of the court in appellee's proceeding to obtain support for herself and children, as averred in the complaint, is a judgment as distinguished from an order or rule. 23 Cyc 667.

2. The court had power by virtue of the statute to render a personal judgment against the husband, Charles Edgar Henderson. *Trimble* v. *Trimble* (1911), 47 Ind. App. 181, 93 N. E. 1049. And we are of the opinion that the court had power also to render a personal judgment against any or all other defendants, as the facts might warrant. As to the husband's debtors the proceeding is in the nature of garnishment. §966 *et seq.* Burns 1914, Acts 1897 p. 233.

3. While the form of the judgment is not commendable, nevertheless the words used therein are sufficient to constitute a valid judgment. *Hord* v. *Bradbury* (1901), 156 Ind. 30, 59 N. E. 31; *State, ex rel.* v. *Lung* (1907), 168 Ind. 553, 80 N. E. 541; *City of Laporte* v. *Organ* (1892), 5 Ind. App. 369, 32 N. E. 342.

4. The fact that the judgment was rendered against Charles A. Henderson before the maturity of the note did not render the judgment void. *Robertson* v. *Huffman* (1883), 92 Ind. 247; *Bruce* v.

*Osgood* (1900), 154 Ind. 375, 56 N. E. 25. The court had jurisdiction of the persons of all the defendants and of the subject of the action. If the judgment as to Charles A. Henderson was erroneous, he should have sought relief in the proper manner; but it is not void and cannot be successfully assailed by appellants in this collateral proceeding.

The facts averred in the complaint do not entitle appellants to any relief whatsoever, and the demurrer was properly sustained. Judgment affirmed.