EBENEZER'S OLD PEOPLES' HOME ET AL. *v.* BERNHARD, EXECUTOR.

[No. 13,947.  Filed March 14, 1930.]

*John G. Yeagley, Louis M. Hammerschmidt* and *Claude D. Carson*, for appellants.

*Iden S. Romig, W. S. Carlisle* and *Parker, Crabill, Crumpacker & May*, for appellee.

NICHOLS, J.—George Bernhard, a resident of South Bend, Indiana, died testate in said city, December 6, 1926. It is provided by Item 6 of his will that "in the event that there is an institution in the city of South Bend at the time of my death, or within two years after my death, which has for the purpose of its existence the maintenance of a home for old people irrespective of their religious beliefs, upon at least a partial charitable basis, then I desire and direct my executor to turn all the rest and residue of my property of which I may die seized to said institution. In the event, however, that there be no such institution located in the city of South Bend at the time of my death or within two years thereafter, then I give, devise and bequeath all the rest and residue of the property of which I may die seized equally between Ebenezer's Old Peoples' Home of the Evangelical Association of Ebenezer, New York, and the Ebenezer Orphans' Home of the Evangelical Association located at Flat Rock, Seneca County, state of Ohio and the Western Old Peoples' Home of the Evangelical Association located at Cedar Falls, Iowa," etc.

Appellants, except Haven Hubbard Memorial Old Peoples' Home, and the South Bend Old Peoples' Home, filed separate petitions whereby the court was asked to find that the petitioner in each petition was entitled to the residue of the estate of the testator and to order it adjudged accordingly. Appellee, as executor, also filed

his petition, wherein he prayed that the court determine which of the petitioners was entitled to the residue and to enter an order accordingly.

On February 11, 1929, the executor and the several petitioners appeared by their respective attorneys, and the cause was submitted to the court for trial. There was a stipulation that appellants were in existence when the will was made and when the testator died, and were able and willing to take the residue of the estate, and that each was located as set out in Item 6 of the will, and was so located when the will was executed; that none of said institutions had an old-peoples' home or expected to have one in the city of South Bend, Indiana. It further appears by the evidence that the South Bend Old Peoples' Home was duly incorporated under an act of the Legislature, approved March 10, 1921, Acts 1921 p. 730, §5342 *et seq.* Burns 1926, and that its certificate from the secretary of state authorizing it to transact business was issued December 30, 1927, and an approved copy of its articles of association was filed in the office of the recorder of St. Joseph County, Indiana, on January 5, 1928. The first meeting of its incorporators was held September 14, 1928. At that meeting, by-laws were adopted and other business transacted, and, on the same day, its directors held their first meeting.

After hearing the evidence, the case was taken under advisement by the court, and, on February 22, 1929, the executor and the petitioners again appeared, and the court made and announced its finding and judgment the finding being, in effect, that the petitioner, South Bend Old Peoples' Home, was entitled to the residue of the estate, and that neither of the other petitioners was entitled thereto or to any part thereof. The judgment was, in harmony with the finding, that the executor turn over, deliver and pay to the South Bend Old Peoples' Home the entire residue of the property, money and

assets of said estate remaining after the payment of the indebtedness of the estate, expenses of administration and specific legacies, and that the petitioners, other than South Bend Old Peoples' Home, take nothing by their petitions filed herein. From this judgment, this appeal.

The South Bend Old Peoples' Home was a party to the judgment below, in favor of which it was rendered, but it was not made a party on appeal and was not mentioned in the assignment of errors. It has been many times decided that, in order to give the court jurisdiction of appeals, the assignment of errors must name as appellees all the parties to the judgment below who are interested in sustaining this judgment. It is certainly apparent that the South Bend Old Peoples' Home is very much interested in sustaining the judgment of the court below, it having been rendered in favor of such home. As was said in *Tri-State Loan, etc., Co.* v. *Fell* (1927), 86 Ind. App. 605, 156 N. E. 167: "The test for choosing who shall be made parties is this: Has the party an interest that the judgment appealed from be maintained?" In this case, clearly, the South Bend Home was, as stated above, interested in sustaining the judgment of the trial court. It cannot be reversed without affecting the Home's interest. This court has no jurisdiction to disturb a judgment as to those in whose favor it was rendered and who are not parties to the appeal. Numerous authorities in the Fell case sustain its decision.

In harmony with that opinion and the cases there cited, the appeal is dismissed.