EBENEZER OLD PEOPLE'S HOME OF THE EVANGELICAL
CHURCH ET AL. *v.* BERNHARD ET AL.

[No. 14,832. Filed May 28, 1935. Rehearing denied
October 18, 1935.]

*Louis M. Hammerschmitt,* and *Milton A. Johnson,* for appellants.

*Parker, Crabill, Crumpacker & May, Woodson S. Carlisle,* and *George N. Beamer,* for appellees.

KIME, J.—This appeal involves a dispute which is before this court for the second time. It arose first during the settlement of the estate of George Bernhard, deceased, in the St. Joseph Circuit Court, on a judgment of that court to the effect that the residue of the estate of the deceased passed under the sixth item of his will to the appellee, South Bend Old People's Home, Inc., and that the appellants, The Ebenezer Old People's Home of the Evangelical Association, Ebenezer Orphan Home of the Evangelical Church, and the Western Old People's Home of the Evangelical Church, and one Haven-Hubbard Home were not entitled to the residue.

It appears that George Bernhard, an old resident of the city of South Bend, died there, testate, on December 8, 1926. His last will and testament was probated in the St. Joseph Circuit Court on December 15, 1926. Item sixth of his will reads as follows:

"In the event there is an institution in the city of South Bend at the time of my death or within two years after the time of my death, which has for its purposes of its existence the maintenance of a home for old people irrespective of their religious beliefs upon at least a partial charitable basis then I desire and direct my said executor to turn all the rest and residue of the property of which I may die to said institution.

"In the event, however, there be no such institution located within the said city of South Bend at the time of my death or within two years thereafter then I give, devise and bequeath all the rest and residue of the property of which I may die seized equally between 'Ebenezer's Old People's Home of the Evangelical Association' of Ebenezer, New York, and 'The Ebenezer Orphans' Home of the Evangelical Association,' located at Flat Rock, Seneca County, State of Ohio, and 'The Western Old People's Home of the Evangelical Association' located at Cedar Falls, Iowa. Said funds so going to the said respective institutions to become a perpetual fund for said institutions of which the interest thereof shall be used as the officers of said institution may see fit for the good of their respective institutions."

Albert Bernhard was designated in this will to be the executor thereof, and letters testamentary were issued to him by said court. He proceeded at once to administer the estate and when, in the course of the administration, it became apparent that the residue of the estate was considerable, being approximately $50,000.00, in cash and securities taken at their then value, executor and the following filed their several petitions: The South Bend Home, the three Ebenezer Homes, and the Haven-Hubbard Home. By each petition, except that of the executor, the petitioner, or petitioners, prayed for an order of the court directing the executor to pay and deliver to it, or to them, as the case may be, the residue of the estate. The petition of the executor alleged that the South Bend Old People's Home, Inc., and the Haven-Hubbard Home each had filed its petition for an order

directing him to pay and deliver the residue of the estate to it, and that he did not know which, if either, of these petitioners was entitled to such residue and that if neither was entitled to it, and no other institution in the city of South Bend made claim to the residue on or before December 9, 1928, that it would be necessary for him to turn over such residue to the three Ebenezer Homes according to the directions contained in the will. The petition of the Ebenezer Homes asked that the residue of the estate be paid to them as provided in Item VI of said will.

No other pleadings, demurrers, or motion of any kind or character were filed before the rendition of the following judgment, but all the parties were represented by attorneys at the hearing on the petitions and each attorney cross-examined the witnesses of the opposing claimants and introduced evidence in opposition to each other's claims, and the several attorneys argued before the court the relative merits of his client's claim.

The court thereafter made a finding upon which he entered the following judgment:

"It is, therefore, ordered and adjudged by the court that said Albert Bernhard, executor of the last will of said George Bernhard, deceased, turn over, deliver and pay to South Bend Old People's Home, Inc., the entire residue of the property, money and assets of the said estate, remaining after the payment of the indebtedness of the estate, expenses of administration and the specific legacies, and it is further ordered and adjudged by the court that the petitioner, Haven-Hubbard Memorial Old People's Home of the Evangelical Association of St. Joseph County, Indiana, take nothing by its petition herein, and further that the petitioners, Ebenezer's Old People's Home of the Evangelical Association of Ebenezer, New York, and others, take nothing by their petitions filed herein. And it is further ordered and adjudged that the petitioner, South Bend Old People's Home, Inc., recover its costs made on said

three petitions, from the petitioners, the Haven-Hubbard Memorial Old People's Home of the Evangelical Association of St. Joseph County, Indiana, and Ebenezer's Old People's Home of the Evangelical Association of Ebenezer, New York, and others, taxed at $————."

thus deciding the question as to who was entitled to the residue under the will.

Appellants here filed a motion for a new trial, which motion was overruled. An appeal followed to the Supreme Court. That court ordered the appeal transferred to this court for want of jurisdiction and this court dismissed said appeal on the ground that the South Bend Old People's Home, Inc., the party in whose favor the judgment appealed from was rendered, had not been made a party to the appeal. That case is *Ebenezer's Old People's Home* v. *Bernhard, Exr.* (1930), and is reported in 91 Ind. App. 189, 170 N. E. 616.

Thereafter certain heirs at law of said decedent commenced the present action in the St. Joseph Circuit Court, to have the court declare that said decedent died intestate as to the residue of his estate and that, therefore, the title to the residue vested in his heirs. The Ebenezer Homes filed a separate cross-complaint, to which cross-complaint the South Bend Old People's Home, Inc., filed an answer in two paragraphs: (1) general denial; and (2) pleading former adjudication, the basis of which was the judgment rendered by the St. Joseph Circuit Court. On change of venue the case was sent to the Marshall Circuit Court and after trial the court made a special finding of facts and stated conclusions of law in favor of the South Bend Old People's Home, who was a defendant, and against the plaintiff and the defendants, Ebenezer Homes, both on the complaint and on the cross-complaint.

Motion for new trial was filed by the Ebenezer Homes, containing the grounds that the decision of the court is

contrary to law and that the decision is not sustained by sufficient evidence. This motion was overruled. The plaintiffs prayed an appeal and filed an assignment of errors but failed to perfect their appeal by filing a brief. The Haven-Hubbard Home was not made a defendant to the complaint or to the cross-complaint. The Ebenezer Homes prayed an appeal and filed a record jointly with the plaintiffs, but a separate assignment of errors, this time making appellee, South Bend Old People's Home, Inc., a party. Errors assigned are that the court erred: (1) in stating upon the special finding of facts the following conclusion of law:

"2. As between the cross-plaintiffs and the defendant, South Bend Old People's Home, Inc., and the St. Joseph Loan and Trust Co., the three Ebenezer Homes are estopped, by the judgment of the St. Joseph Circuit Court, St. Joseph County, Indiana, from receiving and having any part of the residue of the estate of the deceased";

(2) in stating upon the special finding of facts the following conclusion of law:

"3. The law is with the defendants, South Bend Old People's Home, Inc., The St. Joseph Loan and Trust Company and Albert Bernhard as against the petitioners and cross-petitioners, and that the costs in this action shall be taxed as follows: One-half against the petitioners and one-half against the cross-petitioners herein";

and (3) in overruling the appellants' motion for a new trial.

The question presented by each assignment is the same, to wit: Are the appellants, The Ebenezer Old People's Home of the Evangelical Association, Ebenezer Orphans' Home of the Evangelical Church, and The Western Old People's Home of the Evangelical Church, bound by the judgment of the St. Joseph Circuit Court?

Appellants assert that the order made by the St. Joseph Circuit Court, setting the residue of the estate off to

the South Bend Old People's Home, Inc., was an interlocutory order made during the pendency of the estate proceeding and, therefore, was not *res judicata.* In this appellants are in error. The question before the said court and before the trial court in the case at bar was, who was entitled to the residue, under Item VI of the will. The judgment in the original suit shows that the court found in favor of the South Bend Old People's Home, Inc., and as to that particular question the judgment was final for the reason that it was conclusive thereon. " 'A final judgment is one which determines the rights of the parties in the suit, *or a distinct and definite branch of it,* and reserves no further question or direction for future determination.' " (Our italics.) *Home Electric Light and Power Co.* v. *Globe Tissue Paper Co.* (1896), 145 Ind. 174, 175, 44 N. E. 191. "A final judgment is not necessarily the last one in an action. A judgment that is conclusive of any question in a case is final as to that question." *Sharon* v. *Sharon* (1885), 67 Cal. 185, 7 Pac. 456. See also *Alexander* v. *Bates* (1900), (Ala.), 28 So. 415; *Hord, Trustee* v. *Bradbury* (1901), 156 Ind. 30, 59 N. E. 31. Since we have determined that the judgment of the St. Joseph Circuit Court in the case of *Ebenezer Old People's Homes* v. *Bernhard, Exr., supra,* is a final judgment and *res judicata* it follows that the appellants, the three Ebenezer Homes, are bound by said judgment and are barred, forever, from questioning the same.

Finding no reversible error, the judgment of the Marshall Circuit Court is in all things affirmed.