## LISLE vs. RHEA.

1. A judgment in these words, viz: "It is therefore considered by the court, that the defendant recover of the said plaintiff his costs, and charges by him in this behalf, laid out and expended, and that he have thereof execution," is not a final judgment. A final judgment in favor of a defendant should be in this form: "It is therefore considered by the court, that the said plaintiff take nothing by his writ, and that the defendant go hence without day, and recover against the plaintiff his costs and charges by him, about his defence, &c."

APPEAL from the Grundy Circuit Court.

TOMPKINS, J. delivered the opinion of the court.

This was an action of trespass, commenced in the circuit court of Grundy county, by Elizabeth Lisle, against Sebert Rhea, on a charge of taking by force certain personal property of the plaintiff. The defendant pleaded the general issue, and the plaintiff joined issue. On the day of trial, neither party requiring a jury, the cause was submitted to the court sitting as a jury. The court after hearing the evidence adduced by both parties, found (as the record states,) for the defendant. This entry is then made: "It is therefore considered by the court, that the defendant recover of said plaintiff his costs, and charges by him in this behalf, laid out and expended, and that he have thereof execution." Judgment is here given the defendant for the costs of suit; but for any thing here adjudged, the plaintiff is yet in court by no means hindered from proceeding in the cause. The judgment should have been thus entered : "Therefore it is considered by the court, that the said plaintiff take nothing by her writ, &c.; and that the defendant go hence without day and recover against the said plaintiff his costs and charges, by him about his defence, &c." Field's Appendix, chap. 39, sect. 51, p. 242. There being no judgment entered up, it becomes useless to observe any further on the case. But it may be observed that there was no exception taken to any evidence given, no instructions were asked or given, and consequently there could be no exceptions taken to the instructions either given or refused. In such a case, even if a final judgment had been entered up, this court would hardly have disturbed the finding of the court sitting as a jury.

The cause is dismissed.