IIbmphill, Ch. J.
This suit was brought on a promissory note. The jury found for the defendant, and judgment was entered that he should recover his costs in that behalf expended. The cause has been argued, and au opinion on the points discussed was in course of preparation when it was discovered that no final judgment had been entered.
That the defendant should recover his costs is not a judgment which determines the matter in controversy for the defendant. The jury had found in his favor, or, in other words, that the plaintiff was not entitled in law to a recovery, and the judgment following the verdict should have decreed that the plaintiff take nothing by his suit, and that the defendant go thence without day, or be discharged from his.attendance on the court, and that lie recover his costs, &c. The form of the judgment is immaterial, but in substance it must show intrinsically and distinctly, and not inferentially, that the matters *162 in the record had been determined in favor of one of the litigants, or that the rights of the parties in litigation had been adjudicated. The costs are regulated by statute, and are an incident or appendage of the judgment, and generally are recoverable by the victor in the contest. But as an incident they cannot be substituted for the principal, and a judgment for their recovery is not a decision of the matter at issue, and it is therefore no such final judgment as can by law come within the revisory power of this court.
Note 58.—Fitzgerald v. Fitzgerald, 21 T., 415; Martin v. Wade, 22 T., 224; Holt v. Wood, 23 T., 474.
In Hanks v. Thompson the court refused to entertain jurisdiction of a judgment for costs alone where a nonsuit had been taken. The subject was discussed at some length, and the authorities referred to for a definition of the term judgment. (Stephens on Pleading, p. 138; 3 Black. Comm., 395.) And it was held that a judgment for costs against the plaintiff' and the award of execution does not make it a final judgment, for costs are but a mere incident of the suit and judgment. (2 Tidd’s Prac.; Opinion Book B, p. 56.)
In Warren v. Shuman (5 Tex. R., 441) the jury found for (he defendant, and it was adjudged that he should recover his costs. This judgment was held to be not within the cognizance of the appellate court, as it did not in terms dispose of the matter in controversy, nor ivas any sentence thereby pronounced in the matter contained in the record. Tlie verdict and judgment in Unit case and in the present are similar’, and the like judgment must be rendered on the appeal.
The judgment before ns not being final in its character, it is ordered, adjudged, and decreed that the appeal bo dismissed at the costs of the appellant. «
Appeal dismissed.