Clark, Treasurer, *v.* Carter *et al.*

————————•————————

## CLARK, TREASURER, *v.* CARTER ET AL.

TAX.—*Statute.*—*Indebtedness.*—A tax-payer cannot, under the proviso to section 23 of the assessment law of 1869, 3 Ind. Stat. 511, deduct his indebtedness out of the amount of his "money at interest, either within or without this State," as required to be given under the second head of the first or sworn statement provided for by said section.

APPEAL from the Clinton Circuit Court.

DOWNEY, J.—Suit by the appellees against the appellant, the object of which was to enjoin the collection of certain taxes alleged to have been illegally assessed and levied against them, and which the treasurer was about to collect by seizure and sale of property. The result of the action was that the court enjoined the treasurer from collecting the taxes, and he appealed to this court.

Section twenty-three of the assessment law, as found in the Acts of 1869, p. 122, and 3 Ind. Stat. 511, requires the party to be assessed to make out two statements, in which he is to set forth, under appropriate heads, his property liable to taxation. The first statement is to be made under oath, and the second without oath. In the first statement he is required to set down:

"First. Money on hand or on deposit, either within or without this State.

"Second. Money at interest, either within or without this State.

"Third. The value of all demands against any person or body corporate, either within or without this State," etc.

After enumerating what shall be contained in the second, or unsworn statement, there is added this proviso: "*Provided,* That each tax-payer may and is hereby authorized to deduct the amount of his indebtedness out of his solvent claims."

The question, and the only question, in this case is, whether the tax-payer can, by virtue of this proviso, deduct his indebtedness out of the amount of his "money at interest, either within or without this State," as required to be given under the second head in the first or sworn statement?

A majority of the court are of the opinion that he cannot, and that, as the circuit court held that he could, the judgment of that court must be reversed.

The judgment is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.

PETTIT, C. J., dissents.

*W. Morrow* and *N. Trusler,* for appellant.

*M. M. Ray, G. H. Voss, B. F. Davis,* and *J. A. Holman,* for appellees.