HENRY SPRICK, PLAINTIFF IN ERROR, v. WASHINGTON COUNTY, DEFENDANT IN ERROR.

**Final judgment.** A judgment in these words, viz: "It is considered, ordered, and adjudged by the court that said defendants do have and recover judgment in this action against said plaintiffs, and that said defendants have and recover of and from said plaintiffs their costs, and that execution issue therefor," is a mere judgment for costs; it is not a final judgment from which error will lie to an appellate court.

**Trial:** FINDINGS OF COURT. In all actions tried by the court, there must be a general finding, and when requested by one of the parties, a special finding; and if this finding be vague, uncertain, or indefinite, it will not sustain a judgment.

| 3  | 253 |
| 10 | 511 |
| 12 | 378 |
| 13 | 221 |
| 21 | 391 |
| 3  | 253 |
| 28 | 420 |
| 3  | 253 |
| 31 | 304 |
| 31 | 851 |
| 3  | 253 |
| 37 | 676 |
| 3  | 253 |
| 39 | 650 |
| 3  | 253 |
| 40 | 496 |
| 41 | 152 |
| 3  | 253 |
| 48 | 43  |
| 3  | 253 |
| 49 | 275 |
| 50 | 321 |

THIS was an application for leave to file a petition in error.

*E. Estabrook*, for the motion, cited section 428 of the code of civil procedure, *General Statutes*, 596, and *Lisle v. Rhea*, 9 *Missouri*, 173; and also read from *Freeman on Judgments*, Chap. I, §§ 16–36.

*John I. Redick*, contra.

GANTT, J.

The plaintiffs ask leave to file a petition in error in this court, and their application is made upon motion

and a certified transcript of the record from the district court.

It appears from the record that at the May term, 1871, of the district court for Washington county, the plaintiff moved for judgment on the petition and answer, which motion was argued, and the cause submitted to the court on the motion and pleadings. The motion was overruled. The journal entry of the decision of the court overruling the motion concludes· as follows: "It is considered, ordered, and adjudged by the court, that said defendants do have and recover judgment in this action against said plaintiffs, and that said defendants recover of and from said plaintiffs their costs, and that execution issue therefor." Is this a final judgment disposing of the whole merits of the case? I think not. The judgment is that the defendants recover of the plaintiffs their costs. This seems to be the only true import of the language used; and therefore it is not a final judgment pronounced by the court upon the matter contained in the record. It is not in the language of such judgment. Bouvier, in his Law Dictionary, says a judgment is "the conclusion of law upon facts found, or admitted by the parties, or upon their default in the course of the suit." *Tidd's Practice*, 930. Again, it is said, that a final judgment is, that "it is considered by the court that the plaintiff take nothing by his writ, and that the defendant go hence without day"; or it may be that the cause may be dismissed, for such dismissal is a final decision of the action as against all claims made by it, although it may not necessarily be a final determination of the rights of the parties as they may be presented in some other action. The judgment rendered in the case, is one simply for costs, and therefore the plaintiff is yet in court, and by no means hindered from proceeding in the cause. 1 *Jac. Law Dic. Lisle v. Rhea*, 9 *Missouri*, 173. *Smith v. Sahler*, 1 *Neb.*, 311. *Leese v. Sherwood*, 21 *Cal.*, 164.

*Dowling v. Polack,* 18 *Cal.,* 626. 3 *Black Com.,* 395.

Again it appears from the record that there was no finding by the court in favor of the defendants. It is difficult to discover how a judgment can be maintained without the finding of some fact to sustain it. The finding may be general or special. And notwithstanding, the old settled rules of law, in the determination of actions at law and suits in equity, must, at least in some measure, be observed, yet under our judiciary system, which recognizes but one form of action called a civil action, it seems clear that the requirements of the code of civil procedure, must, so far as applicable, be applied to actions of purely an equitable nature, as well as actions at law. Section 297 of the civil code clearly provides, that in all actions tried by the court, there must be a general finding, and when requested by one of the parties, a special finding. *General Statutes,* 575. And if this finding be vague, uncertain, or indefinite, it will not maintain a judgment. *Demming v. Weston,* 15 *Wis.,* 236.

There being no final judgment pronounced by the district court, in this cause, upon which error will lie, the motion must be denied and the cause remanded to the district court for further proceedings thereon, according to law, as in actions pending in said court.

MOTION DENIED AND CAUSE REMANDED.

CHIEF JUSTICE LAKE concurs.