MATTER *v.* CAMPBELL, TREASURER.

No. 8959.

SUPREME COURT.—*Final  udgment.*—*Appeal.*—*Injunction.*—*Taxes.*—*Demurrer.*—In an action to enjoin the collection of certain taxes, wherein a temporary injunction had been granted, a demurrer to the answer was overruled, whereupon the plaintiff refused to plead further, and the court rendered judgment on the demurrer, that the injunction should be dissolved, and that the defendant recover of the plaintiff his costs.

*Held*, that such judgment was a final judgment from which an appeal to the Supreme Court would lie.  *Slagle* v. *Bodmer*, 58 Ind. 465, distinguished.

SAME.—*Bona Fide Indebtedness Deducted from Money at Interest.—Assessment of Taxes.*—Under the act of December 21st, 1872, 1 R. S. 1876, p. 72, regulating the assessment of taxes, a taxpayer had the right, in listing his personal property for taxation, to deduct from his "money at interest, either within or without the State," and "all other amounts," together constituting the "total amount of all credits" owned by him, his *bona fide* indebtedness, and to list the surplus only for taxation.

SAME.—*Statute Construed.—Mistake.*—Section 54 of said act should be so read as to eliminate the word "or" where it occurs between the words "money loaned" and "on account of any bond."

From the Grant Circuit Court.

*A. Steele* and *R. T. St. John*, for appellant.

*R. W. Bailey* and *A. Diltz*, for appellee.

HOWK, J.—In this action, the appellant, who was the plaintiff below, alleged, in substance, in his complaint, that he was a taxpayer of said Grant county; that, for the year 1877, he made out and delivered to the proper assessor of said county a list and schedule of his taxables for said year, and a like list and schedule in the year 1878, which said lists were by said assessor duly returned to the auditor of said county, for entry upon the proper duplicate thereof; and he averred, that he duly paid his taxes thereon assessed to the treasurer of said county, which were all the taxes assessed against him on said duplicates; that since said payments, and since the 1st day of March, 1879, the appellee, as treasurer of said county, had of his own motion charged the appellant, for the said years 1877 and 1878, the further sum in taxes of one hundred and fifteen dollars and forty cents, which said sum the appellee pretended was due upon property of the appellant which had not been listed by him for taxation; that said pretended taxes were assessed upon the sum of eleven hundred dollars, which was owing the appellant from various persons, and was bearing interest as debts due the appellant; that the appellee, as treasurer of said county, had, as the appellant was informed, assessed the same at

par value, without enquiry as to their actual value and without allowing the appellant to deduct therefrom his *bona fide* indebtedness; that the appellee had caused the appellant's property to be levied on and to be advertised for sale on the 18th day of November, 1879, to make said taxes, and would, as he believed, sell the same on said day, if not restrained by the order of the court; and the appellant averred, that the said assessments of taxes were wrongful and void, in this:

*First.* The said pretended assessments were made and entered upon the duplicate after the final settlement of the auditor and treasurer of said county, in both the years for which such taxes were claimed;

*Second.* The said pretended assessments were made and placed upon the duplicates aforesaid by the treasurer, of his own motion, and not by the assessor nor by the auditor of said county;

*Third.* Before so entering said pretended assessments, the appellant was not notified by the auditor to list his said property;

*Fourth.* The said assessments were special assessments, and were not returned before the 1st day of March of the year they came due, nor before the 1st day of March of the following year;

*Fifth.* That when the appellant made his said tax lists for the years for which the appellee had so pretended to assess him and his property, he computed the sum which he should return as taxable, by causing the amount of his indebtedness *bona fide* owing to be deducted from the sum of his credits, amongst which was the sum on which these pretended assessments had been made, and, when so deducted, the sum of his taxables was so given in by him; but he averred that the appellee had so pretended to make said assessments without deducting any portion of his said *bona fide* indebtedness therefrom. Therefore the

appellant averred, that said assessments were void; and he prayed that the same might be declared void and set aside, and that, upon the final hearing, the appellee might be perpetually enjoined from the collection of said taxes, and for other proper relief.

To the appellant's complaint, the appellee answered in two paragraphs, of which the first was a general denial, and the second paragraph was an affirmative or special answer. To the second paragraph of answer, the appellant's demurrer, for the want of sufficient facts, was overruled by the court, and to this ruling he excepted. He failed and refused to reply or plead further, and the court rendered judgment against him for the appellee's costs. From this judgment he has appealed to this court, and has here assigned, as error, the decision of the circuit court in overruling his demurrer to the second paragraph of the appellee's answer.

In the second paragraph of his answer, the appellee alleged, in substance, that the taxes sought to be enjoined, or the collection of which the appellant asked to have enjoined, were assessments by the duly authorized officers on money loaned by the appellant at interest, which taxes were for the years 1877 and 1878, and were due to the appellee; and therefore the appellee asked, that, as treasurer of said county, he might be allowed to collect said taxes, and for his costs herein.

It will be observed, that, in this paragraph of his answer, the appellee has not, in express terms, controverted any of the allegations of fact in the appellant's complaint. In section 74 of the code, it is provided that "Every material allegation of the complaint, not specifically controverted by the answer, * * * * shall, for the purpose of the action, be taken as true." 2 R. S. 1876, p. 71.

It must be borne in mind, therefore, in considering the

question of the sufficiency of the second paragraph of the appellee's answer, on the appellant's demurrer thereto for the want of facts, that the allegations of said paragraph of answer must be construed in connection with the material allegations of the complaint not specifically controverted, which, for the purposes of this action, must be taken as true. Thus construed, the answer and the complaint, taken together, fairly present for decision the important and controlling question in this case, which may be thus stated: Has the resident taxpayer the right, under the assessment laws of this State, in listing his personal property for taxation, to deduct from his " money at interest, either within or without the State," and the " total amount of all credits " owned and held by him, his " *bona fide* indebtedness " and list or give in the surplus or remainder only, for the purposes of taxation ? In his second paragraph of answer, the appellee alleged that the taxes complained of by the appellant had been lawfully assessed on money loaned by him at interest; but, in his complaint, which must be taken as true, as it is not controverted, in construing said paragraph of answer, the appellant alleged that he deducted his *bona fide* indebtedness from the total amount of his credits, including the money loaned by him at interest, and listed the remainder or surplus only of his aggregate credits, in excess of his *bona fide* indebtedness, for the purposes of taxation.

Before considering the question above stated, it is proper, we think, that we should dispose of a point made in argument by the appellee's counsel, to .the effect that " the judgment or order in the case at bar is not such an one as the appellant can appeal from." The record before us shows that when his demurrer to the second paragraph of answer was overruled, and his exception saved to this ruling, the appellant failed and refused to plead further; and thereupon the court pronounced judgment on the

demurrer, that a temporary injunction, theretofore granted in the case, should be dissolved, and " that the defendant herein recover of the plaintiff his costs herein, taxed at $——." The point made by appellee's counsel is not well taken, and is not sustained, we think, by the case they cite of *Slagle* v. *Bodmer*, 58 Ind. 465. In that case it was said: " Sustaining a demurrer to a complaint, without any further action of the court upon it, is not a final judgment from which an appeal to this court will lie." That is the law, beyond doubt; but, in the case now before us, there was " further action of the court " upon the demurrer. For, as we have seen, the record shows that the court pronounced a final judgment upon the demurrer against the appellant, for the appellee's costs ; and from such a judgment of a circuit court, in a suit originating therein as this suit did, an appeal will lie to this court.

We are clearly of the opinion, that, under the assessment laws of this State, the resident taxpayer has the right, in listing his personal property for taxation, to deduct from his " money at interest, either within or without the State," and " all other demands," together constituting the " total amount of all credits " owned and held by him, his *bona fide* indebtedness, and to list or give in the surplus or remainder only, for the purposes of taxation. This is shown, we think, by the form of the schedule prescribed in section 49 of " An act to provide for a uniform assessment of property," etc., approved December 21st, 1872, which said schedule the resident taxpayer is required, by the preceding section of said act, to use in listing his personal property for taxation purposes. We give so much of this " Form of Schedule," as is pertinent to the question now under consideration, as follows:

Matter v. Campbell, Treasurer.

"SCHEDULE OF CREDITS, STOCKS AND OTHER PERSONAL PROPERTY, HELD BY ———— OF ———— COUNTY.

| Number. | | Amount reported. | | Valuation. | |
|---|---|---|---|---|---|
| | | Dolls. | Cts. | Dolls. | Cts. |
| 1 | Credit or money at interest either within or without the State, of par value..... .... | | | | |
| 2 | All other demands against persons or bodies corporated either within or without this State ......... ......... ......... ......... ......... | | | | |
| | Total amount of all credits............. | | | | |
| 3 | Bona fide indebtedness. ............. ............. ............. | | | | |
| 4 | Total value of credits above indebtedness....... | | | | |
| 5 | Money either in possession or on deposit with banks or persons either within or without this State...... ..... ......., ......... ......... | | | | |
| 6 | Bonds issued by bodies corporate either within or without this State......... ... ......... | | | | |
| 7 | Bonds issued by body politic, including State, county, city, town, and all other bonds of this class....... ........ ...... ......... ... | | | | "|

From the foregoing form of the schedule, which must be used by the resident taxpayer in listing his personal property for the purposes of taxation, it will be readily seen, as it seems to us, that the Legislature evidently intended that such taxpayer might deduct his *bona fide* indebtedness from the aggregate sum of the items numbered 1 and 2 in said schedule, and that the remainder or surplus, if any, would be the only sum for which he would be liable to taxation, on account of any of the matters embraced in said items 1 and 2. · This view of the question is fully sustained and borne out, we think, by the positive provisions of the first paragraph of section 53 of the aforesaid act, wherein it is provided that, "In making up the amount of credits which any person is required to list for himself, or for any other person, company or corporation, he shall be entitled to deduct from the gross amount of credits the amount of all *bona fide* debts owing by such person, company or corporation, to any other person, company or

corporation, for a consideration received." Acts 1872, p. 74; 1 R. S. 1876, p. 86.

But it is claimed by the appellee's counsel, that this view of the question now under consideration is contrary to, and is entirely overborne, by the express provisions of section 54 of said act. This section, as it appears in the Acts of 1872, p. 75, and in 1 R. S. 1876, p. 87, reads as follows:

" Sec. 54. No person, company or corporation shall be entitled to any deduction from the amount of any bonds, stock, or money loaned, *or* on account of any bond, note or obligation of any kind given to any insurance company on account of premiums or policies, nor on account of any unpaid subscription to any religious, literary, scientific or charitable institution or society, nor on account of any subscription to, or instalment, payable on the capital stock of any company, whether incorporated or unincorporated."

There is a palpable error in this section of the statute as it appears in print, both in the Acts of 1872 and in the Revised Statutes of 1876, in this, that the word " or " immediately following the words " money loaned," and immediately preceding the words " on account of any bond," occurring in said section, is out of its place and is manifestly superfluous and redundant. It destroys the sense and meaning of the section, and makes of it a useless, confused and unintelligible jargon of words, " signifying nothing." In construing this section, therefore, and for the purpose of arriving at the legislative intent in its enactment, it is necessary that we should eliminate therefrom the word " or, " where it occurs as above indicated. By this elimination of this evidently redundant word from the section, at the place indicated, the language and meaning of the section are made plain, clear and intelligible, and its provisions thereby harmonize and do not in any wise conflict with the other provisions of the statute in regard to the

deductions which the resident taxpayer may lawfully claim in listing his personal property for taxation purposes. With this elimination, the section will provide, as the Legislature evidently intended to provide, that the resident taxpayer should not be entitled to any deduction from the amount of any bonds, stock or money loaned, on account of any of the particular and peculiar obligations, nor on account of any of the subscriptions, specified in said section. We are of the opinion, therefore, that there is nothing in the provisions of said section 54 which would prevent or preclude the appellant in this case from deducting his *bona fide* indebtedness from his money loaned at interest. It was not alleged by the appellee, that the deductions claimed by the appellant, in listing his personal property for the years 1877 and 1878, were not on account of his *bona fide* indebtedness; or that those deductions consisted in whole or in part of any of the peculiar obligations or any of the subscriptions specified in said section 54. He was lawfully entitled to the deductions made and claimed by him, and the record before us fails to show that the appellee, as treasurer, was authorized by law to assess him with the amounts of such deductions and its demand, and collect taxes thereon.

The case of *Clark* v. *Carter*, 40 Ind. 190, cited by appellee's counsel, has no possible bearing upon the proper decision of the case at bar. In the case cited, a construction was given to an act approved May 15th, 1869, 3 Ind. Stat. 511, but the provisions of that act are widely different from the statutory provisions we have considered and construed in the case now before us.

For the reasons given, we think that the court erred in overruling the appellant's demurrer to the second paragraph of the appellee's answer.

The judgment is reversed, at the appellee's costs, and the cause is remanded with instructions to sustain the de-

murrer to the second paragraph of appellee's answer, and for further proceedings in accordance with this opinion.

Petition for a rehearing overruled, Woods and Elliott, JJ., dissenting.