## Mahlon R. Lee v. S. S. Yanaway.

52   23|
61   334|

52      23|
e113  ³498|

1. ACCOUNT—*Judgment in Action of.*— The judgment that the defendant do account in an action of account is interlocutory and not final. It determines nothing beyond a liability to submit to an accounting. The final judgment in actions of account where the verdict is that the defendant is liable to account, is upon the report of the auditors.

2. APPEALS—*From an Order to Account.*—An order to account entered in an action of account is an interlocutory order from which an appeal does not lie.

3. JUDGMENTS—*What Are Not Final—Award of Costs.*—That a judg-

ment is final is not to be determined inferentially from the mere fact that costs and execution thereof are adjudged against one of the parties. The costs are regulated by statute and follow as an incident to final judgment. But the character of the judgment, whether final or interlocutory, is to be determined from other considerations than that it awarded costs. It must, to be final, terminate and completely dispose of the action.

4. COSTS—*Not to be Awarded Until Final Judgment.*—In actions of account there is no warrant in law for adjudging costs against a party resisting his liability to account. Upon an interlocutory order to account, costs can not be awarded until final action is had upon the report of the auditors.

**Memorandum.**—Action of account. Appeal from an order of the Cumberland County Circuit Court requiring appellant to account; the Hon. SILAS Z. LANDES, Judge, presiding. Heard in this court at the May term, 1893, and appeal dismissed. Opinion filed November, 4, 1893.

The opinion states the case.

S. S. WHITEHEAD, attorney for appellant.

E. N. RINEHART, attorney for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

This was an action of account brought by the appellee to compel settlement of accounts and dealings alleged to be unadjusted between the appellee and appellant as co-partners. The pleas of the appellant presented as a defense that he was not liable to account. This issue was submitted to a jury as required by Sec. 6, Chap. 2, R. S. The verdict was adverse to the appellant, and his motion for a new trial was overruled, to which he excepted.

Whereupon the following order was entered: "And the court orders that M. R. Lee, the defendant, do account to plaintiff, S. S. Yanaway, and that he pay the costs in and about this suit expended to be taxed by the clerk, and that execution issue for the costs accrued in the case. This is an appeal from such order and judgment.

The judgment that the appellant should account was merely interlocutory, not final. It determined nothing beyond a liability to submit to an accounting. The final judg-

Lee v. Yanaway.

ment in actions of account where the verdict is that the defendant is liable to account is upon the report of the auditors. Lee v. Abrams, 12 Ill. 111. It is familiar law that an appeal can be taken from a final judgment only.

The judgment appealed from is against the appellant for all costs accrued and awards execution against him for the collection of such costs. It is insisted a judgment awarding costs is necessarily final.

That a judgment is final is not to be determined inferentially from the mere fact that costs and execution thereof are adjudged against one of the parties. The costs are regulated by statute and follow as an incident to final judgment, but the character of the judgment, whether final or interlocutory, is to be determined from other considerations than that it awarded costs. It must, to be final, terminate and completely dispose of the action. Ex parte Thompson, 93 Ill. 89; Hunter v. Hunter, 100 Ill. 519; Black on Judgments, Vol. 1, Sec. 31.

The judgment that the appellant should account was but the determination of an intermediate issue upon which the further action of the court depended.

Hence, the appeal did not operate to bring before us the errors, which it is alleged intervened in the course of the trial of that issue before the jury. If the final judgment of the court in the action makes it necessary, the appellant may bring up such questions for review, together with all other supposed errors, in the future course of the proceeding, but the rules of law do not permit him to appeal at each stage in the proceedings, and thus present the case piecemeal and greatly multiply litigation.

We know of no warrant in law for adjudging costs against the appellant until final action is had upon the report of the auditors.

Appellant insists that the appeal brings up that question and urges that the judgment as to costs should be reversed.

The general rule that the parties should bring the whole case before an appellate court at one time is so salutary that it ought not to be departed from.

If exceptions to this general rule exist at all, it is only, to quote from Eliott on Appellate Procedure, Sec. 35, "When the peculiarities of the case are so strong and so well marked as to leave little doubt that it is a case of such unique character that it can not be brought under the general rule without doing injustice."

The action in the case at bar is yet before the Circuit Court *in fieri.* It is fully within the power of the presiding judge to vacate the order for costs and thus obviate or correct the error.

It does not appear from the record that the attention of the judge was at the time or has since been directed to the question of the order for costs, or that he did then or has since distinctly ruled that such judgment was proper and lawful. It is quite probable that the order for costs resulted from clerical inadvertence, and that injustice may be easily avoided by invoking the action of the court wherein the case is yet pending. The appeal was improvidently taken and must be dismissed.