## The People, etc., for use of Minnie Phillips v. Olaf F. Severson.

### Gen. No. 11,021.

1. FINAL JUDGMENT—*what essential to, in action at law.* It is essential to a final judgment in an action at law that it have either a *nil capiat* or an *eat inde sine die*, or equivalent words.

2. FINAL JUDGMENT—*approved form of, in action at law.* The following is an approved form of final judgment in an action at law : " Therefore it is considered that the said (plaintiff) take nothing by his suit and that the said (defendant) do go thereof without day."

3. FINAL JUDGMENT—*particular form which is not a, in an action at law.* The following form of judgment is not final so as to authorize an appeal : " This cause coming to be heard upon the demurrer to the declaration filed in said cause, after arguments of counsel and due deliberation by the court, said demurrer is sustained, whereupon the plaintiffs elect to stand by their declaration. Therefore it is considered by the court that the defendant do have and recover of the plaintiff his costs and charges in this behalf expended and have execution therefor."

Error to the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Writ of error dismissed. Opinion filed April 12, 1904.

CHURCHILL, TILLSON & WAITE, for plaintiff in error.

WILLIAM CHONES, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

Defendant in error here moves that the writ of error be dismissed because the judgment of the Circuit Court is not a final judgment. The judgment entry in the record is as follows : " This cause coming to be heard upon the demurrer to the declaration filed in said cause, after arguments of counsel and due deliberation by the court, said demurrer is sustained, whereupon the plaintiffs elect to stand by their declaration. Therefore it is considered by the court that the defendant do have and recover of the plaintiff his costs and charges in this behalf expended and have execution therefor." The question whether the above entry is a final judgment, on which error or appeal will lie, is one of some importance, especially in view of the other

defective and informal entries, intended no doubt to be entries of final judgments for defendants, which we have found in the records brought before us for review.

The form of a final judgment for the defendant, whether upon verdict or upon demurrer to the declaration or replication, is, " Therefore it is considered that the said (plaintiff) take nothing by his suit and that the said (defendant) do go thereof without day." Archbold's Forms, 129, 299. In the judgment entry in this case there is neither the *nil capiat*, nor the *eat inde sine die*, nor any equivalent words, or words which can be held to import the dismissal of the suit or the discharge of the defendant.   In Young v. Stonebreaker, 33 Mo. 117, an entry reciting that the demurrer of defendant to the petition was sustained, followed by a judgment for the defendant and against the plaintiff for costs, was held not to be a final judgment, and so not appealable. In Adams v. Trigg, 35 Mo. 190, the record showed a verdict for the defendant, and a judgment in his favor and against the plaintiff for costs, and it was held that there was no final judgment and the writ of error was dismissed. " The sustaining of a demurrer, though it be directed to the very elements of the cause of action or to the defence, is not final.   In the former case the judgment of dismissal, and in the latter, the judgment for the amount sought to be recovered is yet to be entered."   13 Am. and Eng. Encyc. of Law, 24.   " A judgment which merely awards costs to the defendant, without more, is not a final judgment.   In order to have that character it must profess to terminate and completely dispose of the action.   Hence, if for the defendant, the final judgment must state that he is dismissed without day, or that it is considered that the plaintiff take nothing by his suit, or otherwise refer to the disposition made of the subject-matter."   1 Black on Judgments, sec. 31.   In Knapp v. Marshall, 26 Ill. 63, an appeal was taken from an order sustaining a demurrer to a bill and the appeal was dismissed.   In the opinion Judge Breese said :   " A complainant willing to rest his case upon a demurrer must move the court to dismiss the bill.   This is final and appeal or error

will lie.   A decision on the demurrer is merely interlocutory."   In Benevolent Association v. Farwell, 5 Ill. App. 240, a demurrer to a petition for mandamus was sustained and an appeal taken, and the appeal was dismissed because the judgment was not final.   In Metzger v. Morley, 184 Ill. 81, there was a verdict for plaintiff for $1,521.09, and a motion by defendant for a new trial.   The clerk's entry in the record was as follows:  " And the court having heard the motion, court overruled the same, and judgment on the verdict of $1,521.09," and then followed the prayer for, and allowance of an appeal.   The Supreme Court affirmed the order of the Appellate Court dismissing the appeal, upon the ground that such an entry was not a judgment.

The entry in this case recites an election by the plaintiff to stand by the declaration, but such election only authorized the court to enter a final judgment and cannot be held to have the effect or take the place of such judgment.   The entry also contains a judgment against the plaintiff for costs, but this does not show that the judgment was a final judgment.   In Lee v. Yanaway, 52 Ill. App. 23-25, Mr. Justice Boggs said : " That a judgment is final, is not to be determined inferentially from the mere fact that costs and execution thereof are adjudged against one of the parties. The costs are regulated by statute and follow as an incident to final judgment, but the character of a judgment, whether final or interlocutory, is to be determined from other considerations than that it awarded costs.   It must, to be final, terminate and completely dispose of the action." The judgment entry in the record before us does not dismiss the defendant without day; does not adjudge that the plaintiffs take nothing by their writ or their suit; does not dismiss or put an end to the suit, and must be held to be an interlocutory, and not a final judgment; and the writ of error must be dismissed, for want of jurisdiction, at the costs of Minnie Phillips, for whose use the suit was brought, with leave to her to withdraw the record and to either party to move for judgment in the Circuit Court.

*Writ of error dismissed.*