## Neyens *v.* Flesher et al.

[No. 6,152.   Filed January 30, 1907.]

1. APPEAL. — *Judgment.* — *When Appealable.* — Appeals lie to the Supreme and Appellate Courts only from final judgments and certain interlocutory orders enumerated in §658 Burns 1901, §646 R. S. 1881.  p. 401.

2. JUDGMENT.—*What Is.*—A judgment is the sentence of the law pronounced by the court upon the facts found.  p. 401.

3. JUDGMENT.—*Final.—Record.—Verdict.* — It is not sufficient that the record show what the judgment will be; it must show the actual judgment, conclusions of law or the final acceptance of the verdict being insufficient.   p. 402.

4. SAME.—*Final.—Parties.—Issues.*—A final judgment is one which disposes of all of the issues as to all the parties, and puts an end to every part of the case.   p. 402.

5. SAME.—*Final.—Costs.*—A judgment for costs alone is not final, but merely interlocutory.   p. 403.

6. SAME.—*Final.*—A final judgment for defendant must substantially order that plaintiff take nothing by his suit and that defendant go hence without day.   p. 403.

7. SAME.—*Final.—Costs.*—A judgment providing that the defendants "recover from the plaintiff * * * their costs and charges in and about this cause laid out and expended," is not final; and an appeal cannot be taken therefrom.   *Starkey* v. *Starkey*, 166 Ind. 140, and *Matter* v. *Campbell*, 71 Ind. 512, distinguished.   p. 404.

From Jay Circuit Court; *John F. LaFollette,* Judge.

Action by Leonard M. Neyens against Joe Flesher and others.   From a judgment for defendants, plaintiff appeals.   *Appeal dismissed.*

*J. W. Headington* and *R. D. Wheat,* for appellant.

*Frank H. Snyder* and *Whitney E. Smith,* for appellees.

HADLEY, J.—In this cause appellees have filed a motion to dismiss the appeal, averring as reasons therefor: (1) That the appeal is premature, being upon an iterlocutory judgment for costs; (2) that the record in said cause does not exhibit a final judgment.   The complaint was in two paragraphs.   Demurrers were filed to the same and overruled, whereupon affirmative answers were filed to each paragraph, to which answers appellant, plaintiff below, demurred, and upon submission the demurrers were carried back and sustained to the complaint.   Appellant asked and obtained leave to amend, but afterwards withdrew the request to amend, whereupon the court entered judgment as follows:

"It is therefore considered and adjudged by the court that the defendants, Joe Flesher and Jerry Flesher, do have and recover from the plaintiff, Leonard Neyens, their costs and charges in and about this cause laid out and expended."

Whereupon appellant prayed an appeal. This is the only judgment shown by the record.

Under our statute, appeals to this court and the Supreme Court are only authorized from final judgments (§§644, 1337o Burns 1901, §632 R. S. 1881, Acts 1901, p. 565, §15), with the exceptions enumerated in §658 Burns 1901, §646 R. S. 1881. The case at bar does not come within either of the exceptions of §658, *supra,* and hence must be governed by the provisions of §§644, 1337o, *supra.* Therefore the decision of this case hinges upon the determination of the question whether the above-quoted entry is a final judgment from which an appeal lies.

1.

A judgment of a court is something more than a finding of facts in controversy. It is the solemn sentence of the law pronounced by the court upon the facts found. 3 Bouvier's Inst., §3297; *Needham* v. *Gillaspy* (1874), 49 Ind. 245. A judgment, says Black, "is always a declaration that a liability, recognized as within the jural sphere, does or does not exist. An action is instituted for the enforcement of a right, or the redress of an injury. Hence a judgment, as the culmination of the action, declares the existence of the right, recognizes the commission of the injury, or negatives the allegation of one or the other. But as no right can exist without a correlative duty, nor any invasion of it without a corresponding obligation to make amends, the judgment necessarily affirms, or else denies, that such a duty or such a liability rests upon the person against whom the aid of the law is invoked." 1 Black, Judgments, §1. See, also, *Whitwell &*

2.

*Hoover* v. *Emory* (1854), 3 Mich. *84, 59 Am. Dec. 220; *Mahoning County Bank's Appeal* (1858), 32 Pa. St. 158.

No matter how clearly and decisively the entries in the record may indicate what the ultimate judgment or the sentence of the law when pronounced will be, until 3. · it is so pronounced there is no judgment. Even though the court has fully found the facts and stated the conclusions of law, or the jury has returned a complete verdict which has been accepted and filed, neither of these acts will constitute a judgment. Elliott, App. Proc., §83; *Murray* v. *Scribner* (1887), 70 Wis. 228, 35 N. W. 311; 1 Black, Judgments, §3; *Whitwell & Hoover* v. *Emory, supra; Putnam* v. *Crombie* (1861), 34 Barb. 232; *Warren* v. *Shuman* (1849), 5 Tex. 441; *Scott* v. *Burton* (1851), 6 Tex. 322, 55 Am. Dec. 782; *Lisle* v. *Rhea* (1845), 9 Mo. 172; *Northcutt* v. *Buckles* (1878), 60 Ind. 577; *City of Jeffersonville* v. *Tomlin* (1893), 7 Ind. App. 681; *James* v. *Lake Erie, etc., R. Co.* (1896), 144 Ind. 630.

A final judgment is one that at once disposes of all the issues, as to all parties, involved in the controversy presented by the pleadings, 4. to the full extent of the power of the court to dispose of the same, and puts an end to the particular case as to all of such parties and all of such issues. Elliott, App. Proc., §§83, 85; *Bostwick* v. *Brinkerhoff* (1882), 106 U. S. 3, 1 Sup. Ct. 15, 27 L. Ed. 73; *Grant* v. *Phoenix Ins. Co.* (1882), 106 U. S. 429, 1 Sup. Ct. 414, 27 L. Ed. 237; *St. Louis, etc., R. Co.* v. *Southern Express Co.* (1883), 108 U. S. 24, 2 Sup. Ct. 6, 27 L. Ed. 638; *Champ* v. *Kendrick* (1892), 130 Ind. 545; *Western Union Tel. Co.* v. *Locke* (1886), 107 Ind. 9; *Brannock* v. *Stocker* (1881), 76 Ind. 573; *Needham* v. *Gillaspy, supra; Hamrick* v. *Loring* (1896), 147 Ind. 229; *Keller* v. *Jordan* (1897), 147 Ind. 113; *Sprick* v. *Wash-*

*ington County* (1874), 3 Neb. 253; *People* v. *Severson* (1904), 113 Ill. App. 496.

Costs of litigation form no part of the matter in controversy in a suit. They are mere incidents, or necessary appendages to which the maxim of the civil law that

5. *"Victus victori in expensis condemnandus est"* applies. Being no part of the matter in controversy, it has been held with practical unanimity that a judgment for costs merely is an interlocutory, and not a final judgment. *Miller* v. *McKean* (1906), 38 Ind. App. 695; 1 Black, Judgments, §31; *People* v. *Severson, supra; Metzger* v. *Morley* (1900), 184 Ill. 81, 56 N. E. 299; *Lee* v. *Yanaway* (1893), 52 Ill. App. 23; *Sprick* v. *Washington County, supra; Riddle* v. *Yates* (1880), 10 Neb. 510, 7 N. W. 289; *Warren* v. *Shuman, supra; Scott* v. *Burton, supra; Hancock* v. *Metz* (1851), 7 Tex. 177; *Eastham* v. *Sallis* (1884), 60 Tex. 576; *Lisle* v. *Rhea, supra; Higbee* v. *Bowers* (1845), 9 Mo. 354; *Young* v. *Stonebreaker* (1862), 33 Mo. 117; *Smarr* v. *McMaster* (1863), 34 Mo. 204; *Boggess* v. *Cox* (1871), 48 Mo. 278; *Preston* v. *Missouri, etc., Lead Co.* (1871), 48 Mo. 541; *Zahnd* v. *Darling* (1871), 48 Mo. 557; *Evans* v. *Russell* (1875), 61 Mo. 37; *Adams* v. *Trigg* (1864), 35 Mo. 190; *Martindale* v. *Brown* (1862), 18 Ind. 284; *Wood* v. *Wood* (1875), 51 Ind. 141; *Keller* v. *Jordan, supra.*

Strictly speaking, a judgment for the defendant either upon a ruling upon a demurrer and refusal to plead further, or upon the finding of a court or verdict of a jury

6. to show a final determination of the matter in controversy, should be, that the plaintiff take nothing by his suit, *nil capiat per breve,* and that the defendant go without day, *eat inde sine die.* 3 Bouvier's Inst., §§3300, 3302; Archbold, Forms and Entries, 129, 299; *Thomas* v. *Chicago, etc., R. Co.* (1894), 139 Ind. 462; *Sprick* v. *Washington County, supra; Warren* v. *Shuman, supra; Lisle* v. *Rhea, supra;* note to *Young* v. *Stone-*

*breaker, supra; Boggess* v. *Cox, supra; People* v. *Severson, supra.* And while, under the more liberal forms of procedure of the present day, the exact form or words of a judgment as before stated may not be required, yet more modern procedure has not gone so far as to adjudge that to be a final judgment which does not show on its face by some appropriate words that the court pronounced the sentence of the law, upon facts found as to the merits of the controversy. Our code of procedure requires that the court or jury trying a cause shall find, either generally or specially, the facts for the plaintiff or defendant, and the court shall pronounce judgment in conformity therewith. §§554, 560, 573 Burns 1901, §§545, 551, 564 R. S. 1881.

In the case at bar the complaint was founded upon two instruments of writing averred to be negotiable promissory notes executed and delivered by appellees; that said notes were due and unpaid, and judgment was demanded by appellant against appellees for the amount of said notes. This, then, was the subject-matter of the controversy between the parties. Were appellees liable to appellant upon his demand as demanded, and should the court extend the aid of the law thus invoked? Upon these questions the judgment exhibited by the record is silent. So far as the record discloses, these questions are still open and the court could grant leave to appellant to amend the complaint and proceed further, if it so desired. There is no *nil capiat per breve* or *eat inde sine die.* It is true there is a judgment for costs, but as we have shown, costs are mere incidents to a litigation and form no part of the subject-matter of a suit. We are not without authority for our conclusion in this matter.

In the case of *Western Union Tel. Co.* v. *Locke, supra,* the appellant prosecuted his appeal from an order directing it to produce a written instrument, and the appellee denied its right to appeal from such order. It was there held that an appeal will only lie from a final judgment except such

orders as were expressly provided for by the statute, and it was held that such an order was not a final judgment. On page 11 the court, speaking on this point, clearly defines a final judgment in this language: " 'A final judgment is the ultimate determination of the court upon the whole matter in controversy in the action. An order of the court, made in the progress of the cause, requiring something to be done or observed, but not determining the controversy, is an interlocutory order, and is sometimes called an interlocutory judgment.' *Pfeiffer* v. *Crane* [1883], 89 Ind. 485. Mr. Freeman says: 'The general rule recognized by the courts of the United States and by the courts of most, if not of all, the states is, that no judgment or decree will be regarded as final within the meaning of the statutes in reference to appeals, unless all the issues of law and of fact necessary to be determined were determined, and the case completely disposed of, so far as the court had power to dispose of it.' 1 Freeman, Judgments (4th ed.), §34."

In the case of *James* v. *Lake Erie, etc., R. Co., supra,* appellee filed a demurrer to the amended complaint of the appellant, which demurrer was sustained, and to which ruling of the court appellant excepted. The only error assigned was the ruling of the court upon said demurrer. The final entry of the proceedings in the court below was as follows: "Comes now the parties by counsel, and the demurrer to the complaint is sustained by the court, to which ruling of the court the plaintiff (appellant) excepts and refuses to plead further, and prays an appeal to the Supreme Court, which prayer the court grants." Appellee contended that this was not a final judgment, and that the appeal should be dismissed, and this contention was sustained by the Supreme Court. The only substantial difference between the entry in the case last cited and the case at bar is, that in the case now before us the entry adds a recovery for costs, but, as we have heretofore shown, a

judgment for costs adds nothing to the finality of the judgment. The entry before quoted is, therefore, analogous to the entry in the case at bar, and the principle therein declared should be controlling here. The cases of *Ernest* v. *Grand Trunk, etc., R. Co.* (1905), 34 Ind. App. 409, *City of Jeffersonville* v. *Tomlin, supra,* and *Foster* v. *Lindley* (1898), 20 Ind. App. 155, are to the same effect as the case last cited.

In the case of *Thomas* v. *Chicago, etc., R. Co., supra,* appellant, as administrator, sued appellee for damages. The cause was tried, and at the close of appellant's evidence appellee demurred to the evidence, and the court sustained this demurrer. Appellant appealed from the ruling on this demurrer. There was no judgment rendered on the ruling. Upon appeal appellee insisted that the appeal should be dismissed. The court held that, since there was no final judgment, the motion to dismiss should be sustained, and in discussing this question the court said: "Here there was no judgment rendered for or against anybody, nor did the order sustaining the demurrer to the evidence make a final disposition of the cause. It was a mere interlocutory order liable to be changed before the final disposition of the cause. 'The general rule,' says Judge Elliott, 'that appeals lie only from final judgments is so essential to the orderly administration of justice, and has so much to commend it, that it is with reason that statutory provisions creating exceptions are construed with some strictness.'" On page 465 the court continues: "Here, also, the ruling on the demurrer to the evidence clearly indicated what the ultimate judgment must be if the ruling was adhered to and remained unchanged, yet such ruling remained subject to change or modification until the final judgment should be rendered on the demurrer. After judgment on the demurrer is rendered there can be no change of the ruling on the demurrer. The final judgment, had the circuit court adhered to its ruling on the demurrer,

should have been that the plaintiff take nothing by his suit, and that the defendant recover of him his costs."

In the case of *People* v. *Severson, supra,* the appeal was taken upon the following entry: "This cause coming to be heard upon the demurrer to the declaration filed in said cause, after arguments of counsel and due deliberation by the court, said demurrer is sustained, whereupon the plaintiffs elect to stand by their declaration. Therefore it is considered by the court that the defendant do have and recover of the plaintiff his costs and charges in this behalf expended and have execution therefor." It was contended by the defendant in error that this was not a final judgment, and therefore plaintiff in error could not appeal therefrom. This contention was sustained by the court, and in discussing this question the court said: "The form of a final judgment for the defendant, whether upon verdict or upon demurrer to the declaration or replication is: 'Therefore it is considered that said (plaintiff) take nothing by his suit and that said (defendant) do go thereof without day.' Archbold, Forms and Entries, 129, 299. In the judgment entry in this case there is neither the *nil capiat,* nor the *eat inde sine die,* nor any equivalent words, or words which can be held to import the dismissal of the suit or the discharge of the defendant.  \*  \*  \*  'A judgment which merely awards costs to the defendant, without more, is not a final judgment. In order to have that character it must profess to terminate and completely dispose of the action. Hence, if for the defendant, the final judgment must state that he is dismissed without day, or that it is considered that the plaintiff take nothing by his suit, or otherwise refer to the disposition made of the subject-matter.'" On page 498 the court continues, as follows: "'That a judgment is final, is not to be determined inferentially from the mere fact that costs and execution thereof are adjudged against one of the parties. The costs are regulated by statute and follow as an incident to final judg-

ment, but the character of a judgment, whether final or interlocutory, is to be determined from other considerations than that it awarded costs. It must, to be final, terminate and completely dispose of the action.' The judgment entry in the record before us does not dismiss the defendant without day; does not adjudge that the plaintiffs take nothing by their writ or their suit; does not dismiss or put an end to the suit, and must be held to be an interlocutory, and not a final judgment."

In the case of *Sprick* v. *Washington County, supra,* it appeared from the record that plaintiff had moved for judgment on the petition and answer. The motion was overruled. The entry on this motion was as follows: "It is considered, ordered, and adjudged by the court that said defendants do have and recover judgment in this action against said plaintiffs, and that said defendants recover of and from said plaintiffs their costs, and that execution issue therefor." From this ruling and this entry appeal was prayed. The question arose whether this was a final judgment. The court say: "The judgment is that the defendants recover of the plaintiffs their costs. This seems to be the only true import of the language used; and therefore it is not a final judgment pronounced by the court upon the matter contained in the record. It is not in the language of such judgment. Bouvier, in his Law Dictionary, says a judgment is 'the conclusion of law upon facts found, admitted by the parties, or upon their default in the course of the suit.' * * * Again, it is said that the final judgment is, that 'it is considered by the court that the plaintiff take nothing by his writ, and that the defendant go hence without day.' "

In the case of *Warren* v. *Shuman, supra,* appellant brought suit against appellees for the recovery of land. Trial was had by a jury, and verdict for the defendant returned. The entry reciting the final decree was as follows: "The jury returned the following verdict, to wit:

'We, the jury, find for the defendant, J. H. Polly, foreman,' whereupon it is ordered, adjudged and decreed by the court, that the defendant do recover of the plaintiff and his securities, for the use and benefit of the officers of the court, all the costs in this behalf expended, and that execution ·issue therefor." The question arose as to whether this was a final judgment. The court in holding that it was not, and that the appeal therefore could not be sustained, used this language: "The judgment does not show a disposition of the subject-matter of the controversy. It furnishes no evidence of the result of the dispute. There is no sentence pronounced upon the matters contained in the record, for one party or the other. There is a verdict for defendants. Upon this should have been entered a corresponding judgment, that the plaintiff take nothing by his suit. * * * The recovery of costs by a defendant is a legal sequence of a judgment, upon the matters controverted, in his favor. And the judgment for the costs alone, is not such final judgment or decree as can be brought up for revision."

The case of Lisle v. Rhea, supra, was a suit by appellant against appellee for the taking of certain personal property. The cause was submitted to the court without a jury, and the court made a finding for the defendant. Upon this finding the following entry was made: "It is therefore considered by the court, that the defendant recover of said plaintiff his costs, and charges by him in this behalf, laid out and expended, and that he have thereof execution." The question was presented as to whether this was such a judgment as might be appealed from. The court in holding that it was not, used this language: "Judgment is here given the defendant for the costs of suit; but for anything here adjudged, the plaintiff is yet in court by no means hindered from proceeding in the cause. The judgment should have been thus entered: 'Therefore it is considered by the court, that said plaintiff take nothing by her writ,

etc.; and that the defendant go hence without day, and recover of the plaintiff his costs and charges, by him about his defense.' "

In the case of *Young* v. *Stonebreaker, supra,* suit was brought by respondents against appellant; demurrer was filed to the amended petition, and the demurrer sustained, as shown by the following entry: "Now here come said parties by their attorneys, and said defendant's attorney files his demurrer to the amended petition, and, on argument of counsel, said demurrer is sustained. It is therefore considered by the court that said defendant recover of William Young, administrator of Nancy Jackson, deceased, the costs and charges in this behalf incurred, to be taxed according to law, and that execution issue therefor." The court held this was not a final judgment and appeal would not lie.

In the case of *Smarr* v. *McMaster, supra,* trial was had, upon issues joined, by a jury. The jury returned a verdict for the defendant. The entry thereon proceeds as follows: "Whereupon, on motion of defendant, it is considered by the court that said defendant, Anne E. McMaster, administratrix of the estate of Samuel H. K. McMaster, deceased, have and recover of the plaintiff, Eliza E. Smarr, the costs of this suit, as well in this court as in the court below, and that the defendant may have her writ of execution against said plaintiff for the costs aforesaid." The court in holding that this was not a final judgment from which an appeal would lie, used this language: "The record in this cause shows that in the lower court a verdict was found for the defendant, and the judgment rendered against the plaintiff for costs; 'but no final determination of the right of the parties in the action.'" From all that appears here the cause is still pending in the lower court. Similar entries, with similar rulings thereon, are found in the cases of *Riddle* v. *Yates, supra; Scott* v. *Burton, supra; Hancock* v. *Metz, supra; Eastham* v. *Sallis, supra; Higbee* v.

*Bowers, supra; Preston* v. *Missouri, etc., Lead Co., supra; Zahnd* v. *Darling, supra; Evans* v. *Russell, supra.*

Attention has been called to the case of *Starkey* v. *Starkey* (1906), 166 Ind. 140, and the case of *Matter* v. *Campbell* (1880), 71 Ind. 512, as enunciating a different doctrine from that here expressed. A careful examination of these cases, however, demonstrates that such is not the case. In the former case, the question was not so much what constituted a final judgment as whether the judgment rendered was final as to all the defendants. The opinion, as reported, purports to set out the final judgment in *haec verba,* and if it was as shown in said reported opinion it might with reason be held that it set a new standard by which final judgments should be measured. The record filed in said cause, however, discloses that the whole of the judgment is not set out, but that the *nil capiat* was inadvertently omitted. The judgment as shown by the record is: "Wherefore it is considered and adjudged by the court that the plaintiffs take nothing by their complaint herein," etc. Here follows the part quoted in the opinion. This is a full and complete final judgment, and in harmony with the ruling in this case.

The decision in *Matter* v. *Campbell, supra,* presents a somewhat different case. In that case appellant filed his complaint seeking to enjoin appellee from collecting certain taxes of appellant. A temporary injunction was issued. Afterwards appellee filed answer in two paragraphs, the first a general denial, the second setting up affirmative matter. Appellant demurred to the second paragraph. This demurrer was overruled and excepted to, and appellant refused to plead further, but chose to stand on his demurrer, and judgment was rendered dissolving the temporary injunction and giving appellee his costs. The question presented by appellee's counsel, as stated in the opinion, was that "the judgment or order in the case at bar was not such an one as the appellant can appeal from."

That this was an order or judgment that might be appealed from there can be no doubt, as it expressly comes within the exceptions of §658 Burns 1901, §646 R. S. 1881, as has been decided by the Supreme Court in *Bronenberg* v. *Board, etc.* (1873), 41 Ind. 502. And while the language of the court in the case under discussion might lead one to infer that the court meant to hold that a judgment for costs was such a final judgment as to form the basis of an appeal, yet this expression must be confined to the case under consideration, and we cannot and do not assume that the court in that case meant to declare not only a new legal principle but one antagonistic practically to all of the authorities, without the citation of a single authority, or the expression of a single cogent reason therefor. For the foregoing reasons, we hold that the record does not exhibit a final judgment from which an appeal can be taken.

Appeal dismissed.