## The People, ex rel. Charles Smith, v. Village of Rossville et al.

This case is controlled by the decision in Meyer v. City of Decatur, *ante*, p. 385.

*Mandamus.* Appeal from the County Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the November term, 1906. Appeal dismissed. Opinion filed June 1, 1907.

CURTIS G. REDDEN and J. B. MANN, for appellant.

W. M. ACTON, for appellees.

PER CURIAM. This is a petition for a writ of *mandamus* to compel certain members of the board of trustees of the village of Rossville to attend meetings of said board. A demurrer was sustained to said petition. The subsequent proceedings as they appear in the abstract of the record filed in this court were the following: "Demurrer sustained—petitioner duly excepts, and elects to stand by his petition. Judgment

for costs, appeal prayed and allowed. Bond, $100 in 30 days from July 19th, A. D. 1906.''

The foregoing record recites an election by petitioner to stand by his petition, but such election only authorized the court to enter a final judgment and cannot be held to have the effect to take the place of such judgment. The judgment for costs does not dismiss the petition or the suit or terminate the action. It is, therefore, not final, but interlocutory merely, and this court has no jurisdiction to entertain an appeal therefrom. Lee v. Yanaway, 52 Ill. App. 23. And this is so notwithstanding no question as to jurisdiction has been raised or argued by appellee. Where the law has not conferred jurisdiction upon a court, the parties to a suit cannot by consent invest such court with jurisdiction. Town of Audubon v. Hand, 223 Ill. 367; Meyer v. City, *ante*, p. 385.

The appeal must be dismissed for want of jurisdiction, at the costs of relator, with leave to withdraw the record, and to either party to move for judgment in the Circuit Court.

*Appeal dismissed.*