## Clarence Dunkelbarger, Administrator, v. Donald Mc-Ferren.

APPEAL—*when judgment not final.* A judgment for costs is interlocutory only, and no jurisdiction to review such a judgment exists in the Appellate Court.

Trespass on the case. Error to the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1907. Dismissed. Opinion filed June 22, 1907.

J. C. McCLURE, C. G. TAYLOR and G. W. SALMANS, for plaintiff in error.

DYER & WALLBRIDGE and J. B. MANN, for defendant in error.

PER CURIAM. The judgment to review which this writ of error is prosecuted, reads as follows:

"Now come said parties by their respective attorneys and thereupon said plaintiff asks leave to file an additional count herein, which is allowed upon terms that he will pay all costs to date. And now the said defendant filed his demurrer to said additional count, which demurrer being sustained, the plaintiff excepts and elects to stand by said count and now *nollies* all other counts. It is therefore ordered and adjudged by the court that said defendant do have and recover of and from said plaintiff his costs and charges by him in this behalf expended, to be paid in due course of administration. Whereupon said plaintiff having duly entered his exceptions herein, prays an appeal, which is allowed," etc.

The foregoing judgment, being merely for costs, is interlocutory only, and this court, therefore, has no jurisdiction to entertain the present writ of error. Meyer v. City of Decatur, *ante*, p. 385. The same is accordingly dismissed at the costs of plaintiff in error, payable in due course of administration, with leave to

plaintiff in error to withdraw the record, and to either party to move for judgment in the Circuit Court.

*Writ of error dismissed.*