Maud R. Bonnell, Appellant, v. A. E. Campbell et al.,
Appellees.

APPEALS AND ERRORS—*what not final judgment.* An order which
merely awards costs to a defendant, with nothing more, is not
a final judgment.

Trespass on the case. Appeal from the Circuit Court of De Witt
county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this
court at the November term, 1907. Appeal dismissed. Opinion filed
April 21, 1908.

EDWARD J. SWEENEY, for appellant.

JOHN FULLER and LEMON & LEMON, for appellees.

MR. JUSTICE RAMSAY delivered the opinion of the
court.

Apellant brought suit in the Circuit Court of De-
Witt county against appellees to recover damages for
an alleged defamation of the character of appellant.
A demurrer was sustained to an additional count as
amended upon which the court entered a judgment for
costs against appellant and she appealed.

The declaration consisted of one original count and
one amended additional count. Appellees filed a de-
murrer to both original and amended additional
counts and upon a hearing of such demurrer, as shown

by the bill of exceptions, an order was entered in the following words: "Court thereupon sustained de- fendants' demurrer to said additional count as amended, to the ruling of the court in sustaining said demurrer the plaintiff, by her counsel, then and there excepted. Whereupon the plaintiff, by her counsel, then and there elected to abide by her additional count as amended and the court thereupon rendered judg- ment against the plaintiff upon said demurrer and for costs of suit, to the ruling of the court in entering such judgment the plaintiff, by her counsel, then and there excepted," etc.

There was no final judgment in this case from which an appeal could be taken. Not only was the demurrer to the original count left wholly undisposed of but there was no judgment that plaintiff take nothing by her case. An order which merely awards costs to the defendant, with nothing more, is not a final judgment. To have that effect it must terminate and completely dispose of the action. If, for the defendant, the judg- ment to be final must state that he is dismissed with- out day, or that the plaintiff take nothing by his suit. Phillips v. Severson, 113 Ill. App. 496; Dunkelbarger v. McFerren, 134 Ill. App. 395. The order entered in the case at bar does not profess to determine or end the suit of plaintiff and is not a final judgment.

The appeal will be dismissed for want of jurisdic- tion, at the cost of appellant, with leave to her to with- draw the record and move for judgment in proper form in the Circuit Court.

*Appeal dismissed.*